Hill *vs*. McNeill.

🐾

HILL *vs*. M'NEILL.

1. Where, after judgment and execution, one files his bill to enjoin the judgment, stating that he has off-sets—but alleging no surprise on the trial, or discovery of new facts—there is no basis on which the jurisdiction of chancery can rest,—and the bill will be dismissed.

2. Where one has off-sets to an action, which he can not prove without the aid of plaintiff's testimony—he must exhibit his bill in chancery, calling for a discovery, previous to judgment; or else shew a satisfactory excuse for neglecting it.

3. A bill, in nature of a bill for a new trial at law, is never entertained, where the party might have had the full benefit of a motion for that purpose at law.

Error to Wilcox Circuit court, exercising chancery jurisdiction.

Bill for injunction and discovery, tried before *Crenshaw*, J.

The plaintiff in error exhibited his bill on the equity side of the Circuit court of Wilcox county, alleging that the defendant had recovered a judgment against him, on which an execution had issued against his estate; and stating that the defendant, in the same character in which the judgment was obtained, was indebted to him in a sum larger than the judgment. The bill then prayed process of *injunction* and *subpœna*, until the matters of account could be adjusted in *equity*—both of which were awarded. The defendant was never served with *subpœna*; but Aaron Livingston, a party not named in the bill, or elsewhere upon the record, answered, by a gene-

Hill vs. McNeill.

ral denial of the allegations of the bill, and an averment that he was the only person interested in the judgment at law. To this answer the plaintiff filed several exceptions—all of which were disregarded by the Circuit court, the injunction dissolved, and the bill dismissed.

The correctness of the proceedings of the Circuit court was questioned here by the assignment of errors.

*Stewart*, for the plaintiff in error.

COLLIER, C. J.—The first enquiry which presents itself, in considering this case, is, do the facts, disclosed by the bill, authorise the interference of equity.

The plaintiff does not inform us why he did not avail himself of his sets off, on the trial at law. If the omission resulted from his inability to prove them, without the aid of the defendant's testimony, it was certainly incumbent upon him to have exhibited his bill, previous to the judgment calling for a discovery, or else show a satisfactory excuse for having thus long neglected it.

Again: The bill is in the nature of a bill for a new trial at law, while it does not at all account for the plaintiff's neglect. Such bills *are rarely* entertained in equity—certainly never, where a party might have had the *full benefit* of a motion for that purpose, at law. No surprise on the trial—no discovery of new facts are pretended: there is, then, no basis on which the jurisdiction of chancery can rest. The cases of Herbert & Kyle vs. Hobbs & Fennell, 3 Stewart's Rep. 9; Moore vs. Dial, 3 Stewart's Rep. 155; and McGrew vs. The Tombeckbee

Bank, 5 Porter's Rep. 547—are conclusive to show, that the bill is entirely wanting in equity.

It is immaterial to consider the regularity of Livingston's answer, or the exceptions to it, as the court very properly dismissed the bill. The decree is therefore affirmed.