## SANDERS v. FISHER & PHELPS.

1. A garnishee who had discharged the judgment, being sued on the original debt, for the use of another, employed as counsel to defend the suit, the same attorneys who had obtained the judgment against him as garnishee, but did not inform them of his defence, in consequence of which, a second judgment was rendered against him for the same debt: *Held*, that this was gross negligence, and that chancery could not relieve him.

Error to the Chancery Court of Perry.

THE bill was filed by the plaintiff in error, and alledges that some time in the year 1838, one L t on Sanders sued out an attachment against James Fisher, who had been a citizen of Perry county, but had left the State, and summoned him as garnishee. That he appeared and answered, that he was indebted to Fisher in the sum of $612 50, for which sum, besides costs, a judgment was rendered against him at the February term, 1839, of said court. That shortly after the judgment was rendered against him, he paid the amount in full to L ton Sanders, but afterwards discovered that the clerk had failed to enter the judgment, and which at his instance was afterwards, at the spring term, 1842, rendered *nunc pro tunc*.

That Fisher, after the service of the garnishment, transferred the said note to one Esther Phelps, and upon which complainant was sued in his name, for her use, at the spring term, 1839, of Perry circuit court. Complainant employed attorneys to defend the suit, and informed them the suit was in the name of Fisher, but omitted to inform them it was brought for the use of Esther Phelps, and a second judgment was rendered for the same debt, at the fall term Perry circuit court, 1839.

The bill also alledges that Esther Phelps is the wife of Fisher, Phelps being her maiden name, or the name she bore before she was married, and that the transfer was fraudulently made, and in law remained his property after, as well as before

the transfer. That the judgment was permitted to be obtained, by the mistake of complainants attorneys, and of this fact the attorneys of Esther Phelps have been informed; yet they are still endeavoring to collect the debt a second time, &c. The bill prays an injunction, which was granted.

Affidavit being made of the non-residence of Fisher and Esther Phelps, publication was ordered and made, and a decree *pro confesso* entered.

At a subsequent term, on motion of defendant's counsel, the court dismissed the bill, considering that no sufficient reason was shown for not making defence at law.

From this decree this writ is prosecuted, and is the matter now assigned as error.

A. B. MOORE, for plaintiff in error.

1. To enable a defendant at law, to defend upon the ground of a former recovery against him as garnishee, at the suit of a third person, he must show a judgment upon record, if in a court of record, and that such judgment has been by him paid and satisfied. [See Cook v. Field, 3 A. R. 53; Johns & Cole v. Field, 5 A. R. 484; 2 Story's Eq. 657.]

2. A mere memorandum of the judge, on the trial docket of the court, would not have been such a judgment as would protect the garnishee, in a suit at law, by the payee or holder of his note.

3. It is evident, from the facts stated in the bill, that the complainant did not know of the defect in the judgment, until after a judgment had been obtained against him on his note, and if he had, it was not legally in his power to have a judgment entered *nunc pro tunc*.

4. If the complainant had a remedy at law, the fraudulent transfer of his note by Fisher to his wife, in the name of Esther Phelps, by which he was misled in the title of the cause, and caused him to mislead his attorney, is a sufficient excuse for not making it.

5. The bill, though inartificially drawn, should not have been dismissed for want of equity.

DAVIS, contra. The bill contains no equity.

1. The ignorance as to the name of the plaintiff is gross,

is no excuse for not defending at law.    [French v. Garner, 7 Porter, 549.]

2. The complainant admits a judgment was obtained against him, and that he paid the amount to the plaintiff, but does not alledge that the court had jurisdiction either to entertain the attachment against Fisher, or that it had given judgment against Fisher to sustain the judgment against the garnishee.    This should be shown in order to guard defendants in attachments from collusion, as well as garnishees.

3. It is not shown in what respect the judgment *nunc pro tunc* differed from the first judgment, and if so, no new rights accrued to complainant, and was made long after the injoined judgment had been rendered.

4. If the proceedings at the time of payment did not authorize such payment, the subsequent change in the entry could not, and the plaintiff in garnishment might be made to refund.

ORMOND, J.—The case made by the bill, entitles the party to the relief he seeks, if he has not forfeited the right by his negligence in not making his defence at law, when again sued for the debt, which as garnishee he had paid.

The only excuse made for not defending the case at law is, that he omitted to inform his attorneys that the suit was for the use of Esther Phelps, and that "therefore a second judgment was rendered against your orator for the same note." There is no allegation that he informed his attorneys what his defence was to the note, or that he had any defence whatever to make. It is to be sure stated, that they were the same persons who obtained the judgment against him as garnishee, and whom he afterwards employed to have a judgment against him as garnishee, rendered *nunc pro tunc*. But he had no right to suppose that they would voluntarily interpose this defence. It was his duty to be active; not only to inform them of his defence, but to furnish them with the means of making it. Putting the most favorable interpretation upon the allegations of the bill, the case presented is one of gross negligence.

It is exceedingly painful thus to witness the triumph of fraud, but if parties will not attend to their interests, but will,

by gross and supine neglect, permit a judgment to be rendered against them, it is not in the power of a court of chancery to relieve them, without breaking down all the bulwarks which separate the two jurisdictions. We cannot give relief in this case, without overruling an unbroken series of decisions, holding that equity will not interfere against a judgment at law, unless the party seeking relief was prevented from obtaining it in the proper forum, by fraud or accident, or by the act of the opposite party, *unmixed with fault or neglect on his part.* [French v. Garner, 7 Porter, 49.] This decision has been repeatedly followed since, and under very strong circumstances has been unflinchingly adhered to, from a thorough conviction of the wisdom, not to say the absolute necessity of the general rule, though like all other general rules, it may appear to operate harshly in particular cases.

This case falls fully within these principles, as no reason whatever is shown for not making defence at law. Let the decree be affirmed.