## JORDAN v. LOFTIN, ET AL.

13  547
114  579

1. A party who can only prove his defence, by the testimony of a co-defendant, may have relief in chancery, after a judgment at law against him. In such a case, it seems it would not be proper to file a bill for a discovery, pending the trial at law.
2. A note signed by one as surety, on condition that another person also signs it as surety, and left with the payee for that purpose, cannot be enforced against the surety, unless executed also by the person indicated as co-surety.

Appeal from the Twelfth Chancery District. Before the Hon. A. Crenshaw, Chancellor.

ELMORE, for the plaintiff in error.

1. This is not a bill for discovery, but for relief. The defence could not have been made at law, unless by a bill of discovery, and if the discovery sought was denied, the party would have been without remedy. Steele v. Lowry and McGehee, 6 Ala, 124,

2. The defence is one that could not, under the facts, have been made at law, as Hill, the witness, was incompetent in the suit at law, by reason of his being a party, and not as the chancellor supposed, upon the grounds of interest. Turner v. Lazarus, 6 Ala. 875.

3. The delay or fault of a party affects him only where he could, by diligence, have made his defence at law, and not where it can be made only in equity. McGrew v. Tombeckbee Bank, 5 Porter, 547; Mock v. Cundiff, 6 Porter, 24; French v. Garner, 7 Porter, 549; Hill v. McNeill, 8 Porter, 432; McClure v. Colclough, 5 Ala. 65.

4. Hill is a competent witness either at law or in equity; so far as interest is concerned, his interest being balanced.

JUDGE, contra. 1. The bill was filed after judgment, and complainant shows no sufficient excuse for not having made his defence at law; the bill was therefore properly dismissed. McGrew v. Tombeckbee Bank, 5 Porter, 547; Mock v. Cundiff, 6 Porter, 465; French v. Garner, 7 Porter, 549.

2. It is true that Hill would have been an incompetent witness on the trial at law; is he not equally so in equity? A resort to a court of equity cannot make him a competent witness; neither can his answer as a co-defendant be evidence against defendant in error. Why then resort to equity, unless for discovery merely; and if for that purpose, to be sustained, the bill should have been filed before judgment.

3. The proposition to sever on the trial at law, can be of no avail to complainant. It was an unusual proposition, one which defendant in error was not bound, either legally or morally, to accede to, and which, if accepted, would have been fatal to his action; for although complainant agreed to release all error resulting from the severance, yet Hill, the principal in the note, did not.

DARGAN, J.—The plaintiff in error, filed his bill in equity, against the defendants, in which he alledges, that on the 12th of January, 1844, John Hill applied to him, to become his security to Joseph Loftin, for the sum of $50 50, and informed him, that John Buck would join on a note for that

sum, as a co-security. That he consented to become bound as the security of Hill, jointly with Buck, and that Hill and complainant, went to the house of Loftin, for the purpose of executing a note for that sum, but that Buck was not present to join in the note, and complainant, in the presence of Hill and Loftin, refused to sign the note, unless Buck's name was also subscribed to it, and was about leaving the room. That Loftin then said to complainant, that if he would subscribe his name to the note, he would take the note to Buck, and get his name signed to it. That relying on the promise, that said Loftin would procure the signature of Buck, he signed the note with said Hill, and the note was then left with Loftin.

The bill further alledges, that Buck refused, and would not sign said note. That suit was commenced on the note in the circuit court of Lowndes, and judgment at law was rendered thereon, in favor of Joseph Loftin, against complainant, and John Hill, at the fall term, 1846, for $57. That the complainant was unable to make any defence at law, because he could not prove the facts as alledged, by any person except by Hill, who was sued jointly with him, and that he was advised that Hill was an incompetent witness at law. That Hill is insolvent. The bill prays a perpetual injunction. The defendant, Joseph Loftin, answered the bill, and admitted the execution of the note, and the rendition of the judgment, but denied the other material allegations of the bill. On the coming in of the answer, the defendant Loftin moved to dismiss the bill for want of equity, which motion was granted, and the bill dismissed, and the only question therefore is, does the bill contain equity.

The chancellor, in his decree, treats the bill as one of discovery merely, and therefore should have been filed before the judgment at law was rendered. This is not the character of the bill. It is filed to enable the complainant to make a defence against the note on which the judgment is rendered, and which defence the complainant alledges he can only make, by obtaining the testimony of his principal in the note, who was sued jointly with him at law, and therefore the complainant could not obtain the benefit of his testimony upon the trial at law. Whether the testimony of Hill, his

co-defendant, will be sufficient to afford relief upon a final trial, we cannot now examine, but we can look only to the bill.

The rule is well settled, that to entitle a party to relief in a court of equity, against a judgment at law, when his defence could be made in a court of law, he must show that he has been prevented from making his defence, either by the fraud of the opposite party, or by some accident, unmixed with any negligence on his part. But if his defence could not be made at law, equity may interfere, and afford relief; and the rendition of the judgment at law, will not close the door to relief against him. 7 Porter, 549; 5 Id. 547.

If the object of the bill had been to obtain a discovery from the plaintiff at law, merely, he must then apply to equity before the rendition of the judgment. 8 Porter, 432. But the object of this bill, is to obtain the benefit of the testimony of his co-defendant, and although the judgment is rendered, yet we think he may come into equity for that purpose, if he could not prove the same fact by any other witness. For if we hold, that he must apply to a court of equity for the purpose of obtaining the benefit of the testimony of a co-defendant, in all instances, it might lead to a complex practice in a court of law, often injurious to the rights of the plaintiff. Pending the injunction as against one defendant, will, or can the plaintiff proceed against the other? If he does proceed, and obtains the judgment against one, and the bill is finally dismissed as to the other, he must then proceed, and have a second trial against the other. We think under the circumstances of this case, the rendition of the judgment at law, ought not to preclude the complainant from filing his bill; and looking alone to the face of the bill, we think there is equity in it; for if the complainant was induced to sign the note, on a promise made by Loftin the payee, which promise has not been complied with, and if the complainant would not have signed the note as the security of Hill, but on the faith of that promise, then he ought not to be compelled to pay it. The decree is therefore reversed, and the cause remanded.