## FOSTER vs. THE STATE BANK.

1. A court of equity will not relievo against a judgment at law, where the relief sought is predicated on a defence equally available at law, unless some special ground is shown for its interference.

Error to the Chancery Court of Tuskaloosa. Tried before the Hon. Wilie W. Mason.

THE bill in this case was filed by the plaintiff against the defendant in error to enjoin a judgment at law, rendered against him in the Circuit Court of Tuskaloosa, as the endorser of a bill of exchange drawn by one Brown. The facts are sufficiently noticed in the opinion.

PECK, for the plaintiff in error.

1. A party who fails in the assertion of a good legal defence, or omits to make it at law, may notwithstanding avail himself of an independent ground of equitable relief.—Greenlee v. Gaines, 13 Ala. Rep. 198. It is no answer to a complainant to say that if another state of facts asserted by him is true, he could have had relief at law—nor will chancery dismiss a bill to enjoin a judgment at law, because the judgment is erroneous and might be reversed.—Reynolds v. Dothard, et al. 7 Ala. 664.

2. The cotton was held by the Bank as a mortgage or pledge. The Bank, therefore, is a trustee for the benefit of the plaintiff, who was a mere security.—Bates v. The Bank, 2 Ala. 453, 481, 485.

3. The cotton then in the hands of the Bank is a trust fund, of which the plaintiff, as a security, is entitled to the benefit, and to have it applied to the payment of the judgment.—Ohio Life Insurance Co. v. The Bank of Mobile, 8 Ala. 866, 872; 1 Johnson's Ch. Rep. 128.

A security is entitled to all the funds, liens, equities, or property, which the creditor has received on account of the debt.—1 Story's Eq. 478, § 499; Cullum v. Emanuel & Gaines, 1 Ala. 26. In this case the cotton having been sold and the money in the hands of the defendant or its agents, it is bound to apply it to the payment of the judgment.

4. The rule is that whatsoever is specifically alleged in a bill, and not denied in the answer, must be taken as admitted.—Thompson v. Carter, 1 Porter, 257.

5. The bill was properly filed for the purpose of taking an account, and should not therefore have been dismissed.

6. If it be insisted that the complainant is not entitled to relief, because defence was not made at law, I answer that the reasons stated in the bill and not denied in the anwer are sufficient to avoid this objection, but, I insist that complainant is entitled to the relief sought, and that this right does not depend upon the fact, whether defence was, or was not made at law, it rests upon equities altogether independent of this question.

P. & J. L. MARTIN, for defendant.

1. The bill shows that the plaintiff in error had adequate remedy at law, and that he failed to avail himself of his defence, through negligence. That he cannot, in the absence of fraud, avail himself of a legal defence in chancery, under such circumstances, is fully established by numerous decisions of this court. —1 Stew. 532; ib. 81; 2 ib. 280; 3 ib. 155; 2 Stewart & P. 58; French v. Garner, 7 Por. 549, a leading case, where the doctrine is fully laid down, and recognized in the following cases, 1 Ala. 351; 2 ib. 21; 3 ib. 728; 8 ib. 669; 9 ib. 129; 10 ib. 149; 11 ib. 812; 13 ib. 540.

2. The ground stated, we contend, is conclusive of the case. It is insisted, however, by the plaintiff in error, that another ground of relief is presented by the bill; that it is charged that the defendant in error is in possession of a fund, which in equity should be applied to the discharge of the judgment at law, the proceeds of cotton of Brown, the principal in the case.

The view presented by Judge Peck makes this transaction in relation to the cotton a technical trust, which is in no sense sustainable. The cotton was received as an additional security for the re-payment of the money loaned, and collateral to the bill of exchange, and if it may be said to assume the character of a trust, it is such an one as the courts of law have full jurisdiction of.—Bates et al. v. The Bank, 2 Ala. 451.

Upon what ground can Foster, as endorser, come into chancery to seek the funds of Brown his principal, before he has paid the money; and enjoin the plaintiffs from proceeding with their

collection? We have no objection to his subrogation to all our rights against Marr, Brown & Co. or Brown for the proceeds of the cotton, but we do insist that we be first paid.

PARSONS, J.—The bill does not allege fraud in obtaining the judgment, but it states that it was entered by mistake. This is, however, neither admitted by the answer nor proved. The judgment at law, so far as appears, was duly recovered against. Brown & Foster, upon a bill of exchange, to which they were both parties, the latter as accommodation endorser for the former.

Foster, by his bill, seeks to be relieved of the judgment upon the ground that Brown, the principal in the bill of exchange, had shipped cotton to the agents of the Bank, sufficient to discharge the bill of exchange or nearly so, and that this was done pursuant to an arrangement between Brown and the Bank, under which the Bank received the bill of exchange, and by its agents, the cotton—that, according to the arrangement, the cotton or its proceeds, was taken to secure the payment of the money mentioned in the bill of exchange; that the cotton was accordingly sold by the agents of the Bank, or if lost by them, that the Bank under one of the stipulations, was to be accountable for it. This is briefly the substance of Foster's defence against the judgment at law, as stated by the bill.

The principal objection to the relief sought by the bill is that the matters which it presents were all cognizable in the court of law, and that they might and should have been urged there in defence of the action on the bill of exchange. If true, they made a good legal defence to the action, but in fact, no defence was made. We do not understand Mr. F's. council to contend that this matter of defence was not available at law, but he contends, among other things, that as Foster was an accommodation endorser for Brown, and as the matter of defence arose out of a trust, he had an equitable right to have the trust funds applied in discharge of the bill of exchange; or if lost by the negligence of the Bank's agents that he should be relieved on that ground. All this may be admitted and then it follows, as an admitted conclusion, that the matters of defence were cognizable at law or in equity,—that as to them the jurisdictions were concurrent. The question is therefore, whether Mr. Foster is not precluded from seeking relief in equity, because he had an unobstructed de-

fence to the action at law and should there have made it. It is our opinion that he is precluded upon this ground. It was so expressly held in Le Guen v. Governeur & Kemble, 1 Johnson's Cases, 491. There as here, the plaintiff in equity had suffered a judgment to go against him at.law, without defending as he might have done upon a particular ground which was cognizable at law or in equity, and by his bill he sought to be relieved upon it in equity. But the court held that the judgment at law was conclusive and final as to the matter actually determined, and as .to every other matter which the parties might have litigated in the cause and which they might have had decided. And it is said by Judge Story that "Courts of equity will not relieve against a judgment at law, when the case in equity proceeds upon a defence equally available at law, but the plaintiff ought to establish some special ground for relief."—Story's Eq. 207, § 894. These authorities are precisely in point, because they relate to defences of which the jurisdictions are concurrent, and which might have been made to the actions at law, but were not. This was the case here, and as there are no special circumstances established as a ground for relief, the case is within the general rule. A party cannot be permitted to decline all defence to an action against him in a court having full jurisdiction, whether exclusive or concurrent, of the demand and of the defence, and after judgment, to establish his defence elsewhere. This must be admitted as a general rule, though it might not exclude the defence of set-off upon which he could have his action, nevertheless. If a party may split an entire case and devide it between different courts, there would be no end to litigation. "In all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it."—Smith v. McIver, 9 Wheat. Rep. 532. Hence it is clear on authority and principle that there is no difference in this respect between a defence which is exclusively legal and one which is cognizable at law or in equity. They are both finally precluded, in general, by a decision of the cause at law, in which they were or might have been established. In either case the court of law, after taking possession of the subject, has it exclusively. Of course, the jurisdiction of the Chancellor in such matters is gone. But in both, and equally, he may relieve after judgment, if sufficient special circumstances are alleged and established. It is not necessary

at present to state any of these circumstances, as none are established in this case. But it is clear that they must be such as to form a ground of jurisdiction. But our opinion is to be confined to the case before us. We do not mean to extend it to cases in which the defence is exclusively equitable; nor to cases of defence in which the jurisdictions are concurrent, but where the defence arose out of some matter, distinct from and subsequent to the original contract; nor to defences to which the jurisdiction of the courts of law has been extended in recent times under the authority of a statute or otherwise. In the first of these cases a trial at law, as has been held here, is no bar to relief in equity. It will be in time to decide the others when they may arise. The plaintiffs' counsel insists, in addition to the trust character of the transaction, that an account here is necessary and that this circumstance authorizes the chancellor to give the relief which was originally equitable as well as legal. Lord Redesdale gives the answer to this, by stating the true rule to be that equity will relieve after judgment at law, *in cases of complicated accounts,* where the party has not made defence, because it was impossible for him to do it effectually at law.—Bateman v. Willoe, 1 Sch. & Lef. 201. But this is not a case of complicated accounts. We think there was no error in dismissing the bill. Let the decree be affirmed.