# PEARCE *vs.* WINTER IRON-WORKS.

[BILL IN EQUITY TO ENJOIN JUDGMENT AT LAW.]

1. *Jurisdiction of Federal courts as affected by residence of parties.*—That the plaintiff and defendant are both citizens of the State in which the suit is brought, is good matter for plea to the jurisdiction of the district court of the United States; but a judgment of that court cannot be collaterally assailed, or treated as a nullity, on account of its want of jurisdiction on that ground.

2. *Process and practice of Federal courts.*—Garnishment proceedings having been authorized by statute in this State prior to 1828, the Federal courts held here are authorized (Laws of U. S. Courts, 78) to adopt that mode of proceeding.

3. *Validity of judgment as affected by fraud on jurisdiction.*—A proceeding by garnishment, instituted by a judgment creditor in the district court of the United States, may be defeated by plea to the jurisdiction, on the ground that the plaintiff is a resident of this State, or, if a non-resident, that he has no beneficial interest in the suit, and that his name is fraudulently used, the real plaintiff being a resident of this State; but, if the garnishee fails to interpose either of these defenses, the judgment against him is valid.

4. *Equitable relief, by establishing set-off, against judgment at law.*—A defendant, having a cross demand which is available as a set-off either at law or in equity, and having failed to bring it forward in the action at law, cannot make it the basis of equitable relief against the judgment at law, without showing some sufficient excuse for his failure to avail himself of it at law; and the fact that he was advised that the law court had no jurisdiction to allow the set-off, is not a sufficient excuse for his failure.

APPEAL from the Chancery Court at Montgomery.

Heard before the Hon. WADE KEYES.

THIS bill was filed by Edmund A. Pearce, the appellant, who was a citizen of Macon county in this State, to enjoin a judgment which Charles Ford had recovered against him, in the district court of the United States held at Montgomery, as the debtor of the "Winter Iron-Works," a corporation chartered by the legislature of this State. It alleged, in substance, that the complainant had purchased from said corporation, through J. S. Winter, its authorized agent, certain machinery for a grist-mill; that said Winter represented the machinery to be suitable for the purposes of the mill, and agreed, in the event

it proved unsuitable, to take it back and refund the purchase-money; that the machinery proved to be entirely unsuitable, and was thereupon returned by complainant to said Winter, as the agent of said corporation; that Winter received the machinery, but refused to refund the purchase-money, "and, to embarrass complainant in his remedy, claimed that he had received said machinery as the property of complainant, and not as the property of said corporation, and that the 'Montgomery Iron-Works,' to which the name of said establishment had been changed, would hold it subject to complainant's order;" that the matter in controversy between complainant and said corporation was thereupon submitted to arbitration, and the arbitrators awarded "that said account was due from complainant, but did not decide, nor did they take into consideration, how much complainant should be allowed on account of the machinery which he had returned;" and that said machinery has since been sold or otherwise disposed of by the corporation.

It further alleged, that said corporation, "shortly after the purchase of said machinery by complainant," became professedly insolvent, and, "with the double view of obtaining summary judgments against its alleged debtors, and also of avoiding litigation in counties where its supposed debtors resided, and where the public would be most likely to be familiar with the failure of its machinery to perform as warranted, and to draw its debtors into the district court of the United States, thus putting them to great expense in litigating their rights," suffered judgments to go against it, in the United States district court at Montgomery, in favor of several different persons, among whom was one Charles Ford, who then was, and ever since has been, a citizen of Alabama; that garnishments were sued out on these judgments by the agents of said corporation, and complainant was summoned, at the suit of said Ford, to answer to his indebtedness to said corporation; that complainant appeared in said court, in answer to the summons, "and stated the facts as to his purchase of said machinery and the submission to arbitration, but omitted to claim his set-off against said cor-

poration, being advised that said court had no jurisdiction to allow it, nor to render judgment against him under said garnishment;" that said court rendered judgment against him, in favor of said Ford, under said garnishment, on the 30th May, 1856, for a sum not greater than the amount which he claims as a set-off against the corporation; that said corporation is insolvent, and that Ford has no interest whatever in said judgment.

The chancellor dismissed the bill for want of equity, and his decree is now assigned as error.

WM. P. & T. G. CHILTON, for appellant.—1. The mere insolvency of a party entitles his debtor to set off against him, in equity, a cross demand which would not otherwise be an available set-off.—Stewart v. Chamberlain, 6 Dana, 32; Gay v. Gay, 10 Paige, 369; T., C. & D. Railroad Co. v. Rhodes, 8 Ala. 206; Donelson's Adm'r v. Posey, 13 Ala. 752. The right of set-off is not destroyed by an assignment of the debt after the party has become insolvent.—Merrill v. Fowler, 6 Dana, 305; Wray's Adm'rs v. Furniss, 27 Ala. 471; Carroll v. Malone, 28 Ala. 521.

2. A defendant, having a cross demand, is not bound to plead it as a set-off, but may resort to a cross action. 17 Mass. 238; 9 Johns. 352; Robbins v. Harrison, at the last term of this court. If, then, his demand is also available as an equitable set-off, the failure to bring it forward as a set-off in the action at law does not deprive him of the right to assert it in equity.

3. The judgment of the Federal court, in favor of Ford against the Winter Iron-Works, is shown by the admitted allegations of the bill to be a nullity, and to have been obtained by a fraud on the jurisdiction of the court. A judgment of the Federal court, between citizens of the same State, has been held so void that it would not support a writ of error.—3 Dallas, 382; 2 Cranch, 9. The judgment against Pearce, as garnishee, is void for the same reason, and for the additional reason that the court could not proceed by garnishment; and the answer of the garnishee cannot be construed into an implied waiver of the

Pearce v. Winter Iron-Works.

want of jurisdiction, since jurisdiction in such case cannot be conferred by consent.

4. The general principle, that the State courts cannot ordinarily enjoin judgments of the Federal courts, cannot be so extended as to apply to this case. The judgments of the Federal court being absolute nullities, no conflict of jurisdiction can arise. On the admitted allegations of the bill, an insolvent corporation has, by the perpetration of a fraud on the jurisdiction of the court, obtained a judgment against one to whom it is indebted in a large amount, and is seeking to coerce satisfaction of that judgment. The defendant in that judgment could not have asserted his set-off in that court, nor could he there have enjoined the judgment, because that court would have had no jurisdiction in either case; and if he cannot enjoin the judgment in the State chancery court, he is without remedy.

ELMORE & YANCEY, *contra.*—1. The State courts have no power to enjoin proceedings in the Federal courts. Story's Equity, § 900; Meade v. Merritt, 2 Paige, 404; Diggs v. Wolcott, 4 Cranch, 179; McKim v. Voorhies, 7 Cranch, 279.

2. The complainant failed to assert his set-off at law, though he submitted to the jurisdiction of the court by answering; and, as he shows no legal excuse for his failure, he cannot obtain relief in equity.—Mock v. Cundiff, 6 Porter, 24; French v. Garner, 7 Porter, 549; Hill v. McNeill, 8 Porter, 432; Chandler v. Crawford, 7 Ala. 507; Lee & Norton v. Insurance Bank of Columbus, 2 Ala. 21.

WALKER, J.—That the parties are both citizens of the State in which the suit is brought, is good matter of plea to the jurisdiction of the district court of the United States; and if the fact that the plaintiff is a resident of another State be not shown in the record, the court will, at any time pending the cause, dismiss the suit. But it is now a doctrine, too well settled to be controverted, that after the judgment has been rendered, it can

not be collaterally assailed, upon the ground that the parties were both residents of the State where the suit was brought. It has even been decided, that the judgment of the Federal court is not a nullity, although the record may omit to show the jurisdictional fact of the plaintiff's residence in another State. This case does not require an adoption of that extreme of the doctrine, because it does not appear that the jurisdictional fact was not disclosed by the record of the district court of the United States. It is a necessary sequence from this statement of the settled law, that the complainant cannot claim to have the judgment of the district court against either the Winter Iron-Works, or against himself, treated as a nullity, because the plaintiff, Ford, was in fact a resident of the State of Alabama.—McCormick v. Sullivant, 10 Wheaton, 199; Wood v. Mann, 1 Sumner, 581; Erwin v. Lowry, 7 Howard, 180; Skillern v. May, 6 Cranch, 267.

2. By the act of Congress of 1828, the courts of the United States, held in the States admitted into the Union after 29th September, 1789, are authorized to adopt the forms and modes of proceedings which prevailed in those States at the date of the act.—Laws U. S. Courts, 78. Before 1828 the proceeding by garnishment was authorized by the laws of the State of Alabama; and, therefore, the district court of the United States, held in the State of Alabama, could legitimately adopt that mode of proceeding.

3. The garnishment was a new suit, in favor of the plaintiff in the judgment, and not of the defendant. It initiated a new controversy, between the plaintiff and the garnishee. If the plaintiff therein was a resident of the State of Alabama, as alleged in the bill, the garnishee might have defeated the suit, commenced by the garnishment, by interposing a plea to the jurisdiction; or, if the plaintiff had no interest, and his name was used for a fraudulent purpose, while the real beneficial plaintiff was the corporation existing in this State, it would have been appropriate matter for a plea to the jurisdiction. The judgment, having been rendered without the interposition

of either of those defenses, is valid, notwithstanding the facts requisite to sustain both of them may have existed. Tunstall v. Worthington, Hempstead's C. C. R. 662; Ashley v. Perciful, *ib.* 217; Jackson v. Shipman, 28 Ala. 488.

4. The views above expressed are fatal to all the arguments in favor of the equity of complainant's bill, which assail the validity of the judgment of the district court of the United States against the complainant. It is contended, also, that the bill is maintainable, as an application for the allowance of a set-off against the judgment in favor of Ford, for an amount due by the Winter Iron-Works to the complainant. We concede, that a judgment against a defendant is no bar to a subsequent suit by him against the plaintiff, on a demand in his favor which might have been pleaded as a set-off. He had a right to avail himself of his cross demand by way of set-off, but was not bound to do so. It is, however, quite a different question, whether a defendant, having a subsisting demand against the plaintiff, which constituted a good set-off in the suit at law, can withhold it as a defense to the action at law, and, after the judgment has been rendered, make it the basis of a suit in chancery against the plaintiff, because the existence of insolvency constituted it an equitable as well as a legal set-off. If a defendant has a cross demand, which is a good set-off at law, and is also an equitable set-off because of the insolvency of him against whom the cross demand exists, can he withhold the defense at law, because it is also available in chancery, and, when the judgment is rendered, make that defense in chancery which he could have made to the suit at law? We decide this question in the negative. If a defense is both legal and equitable—if it be a matter of concurrent jurisdiction—it must be brought forward in the forum whose jurisdiction first attaches. If not, it can never, in the absence of some legal excuse for not defending at law, be made available as a defense; and, in the case of set-off, the defendant must, in the absence of such excuse, be left to his independent suit on his cross demand. The following authorities fully sustain our con-

clusion.—Foster v. The State Bank, 17 Ala. 672; Saunders v. Fisher, 11 Ala. 812; Galbraith v. Martin & Findley, 5 Humph. 50; Mallory v. Matlock, 10 Ala. 595; Teague v. Russell & Moore, 2 St. 420; Hill v. McNeill, 8 Porter, 432; French v. Garner, 7 Porter, 549; Willard's Eq. Jur. 355; Hendrickson v. Hinckley, 17 How. 443; Pollock v. Gilbert, 16 Ga. 402; 7 Cranch, 332; 10 Grattan, 228. The decision of this court in Foster v. State Bank, *supra*, is precisely in point, and, by reasoning which we regard conclusive, supports the proposition, that if the defense be both legal and equitable, the defendant cannot enjoin the judgment, without the averment of some sufficient legal excuse for the failure to defend at law.

The complainant in this suit had an opportunity, as full and complete, to set off his demand against the Winter Iron-Works in the garnishment proceeding, as he could have had in the chancery court. No excuse, which the law deems sufficient, for the failure to make the defense to the garnishment proceeding, is averred. It does not appear that the Winter Iron-Works was not as insolvent then, as when the bill was filed; nor does it appear that the complainant was not then fully apprised of all the facts which go to make up the defense. The reason for not making the defense, alleged in the bill, is, that the complainant was advised that the district court of the United States had no jurisdiction to allow the set-off. This is no excuse for the failure to defend at law.—Lawson v. Bettison, 7 English's (Ark.) R. 401; Powell v. Stewart, 17 Ala. 719; Watts & Gayle v. Bower, 20 Ala. 817; Perrine v. Carlisle, 19 Ala. 688; Hair & Labuzan v. Lowe, 19 Ala. 224; Stein v. Burden, at the last term; Saunders v. Fisher, 11 Ala. 812.

It is proper to remark, that no averment of the discovery of any new facts is made in the bill. It may be inferred, on the contrary, that the complainant knew all the facts set forth in his bill when he answered the garnishment. It is not alleged that he was prevented by fraud, accident, or mistake, from bringing forward his defense to the garnishment proceeding. Every defensive matter

alleged in the bill, which could have been good in any forum, was available in the district court of the United States. No reason, deemed sufficient, for not making the defenses at law which are here set up, is shown; and no relief can be had in chancery. The hardship of the complainant's situation cannot justify a departure from the rule of law, which requires from him that he excuse the failure to defend at law, before he can have a standing in equity.—Lawson v. Bettison, 7 Eng. (Ark.) Rep. 401, and authorities there cited.

The decree of the chancery court is affirmed, at the costs of the appellant.