# Chappell *et al.* v. The State.

### Indictment for Robbery.

1. *Robbery ; indictment for, what sufficient.* — In indictments for robbery under the Code, if the felonious intent is averred, the taking of the property from the party robbed may be charged to have been " against his will, by violence to his person," or " by putting him in such fear as unwillingly to part with the same," in different counts or in the same count in the alternative. In either case the omission to charge the felonious intent is fatal.

2. *General verdict, referred to good count.* — A general verdict of guilty, responding to the whole indictment, will support a judgment of conviction if any one count is sufficient.

APPEAL from City Court of Montgomery.
Tried before Hon. JOHN A. MINNIS.
The opinion states the case.

J. M. FALKNER and JOHN GINDRAT WINTER, for appellant. — 1. The first count is defective because it fails to charge a felonious intent. Wharton Precedents, 411 ; 18 Ala. 538.

[Chappell v. State.]

The second is bad, because it does not show that the taking was "against his will." 11 Humphreys, 167 ; 12 Ga. 293 ; 3 Wash. C. C. 209 ; Form No. 12, p. 809 R. C. The allegation, "by putting him in such fear as unwillingly to part," &c., is not equivalent to an averment that the taking was *against his will.* The Code punishes, but does not define robbery, and hence, common law averments are not dispensed with. A person may take a nauseous dose of medicine *unwillingly,* and yet will to do it.

John W. A. Sanford, Attorney General, *contra.* — 1. The indictment is in substantial compliance with the forms of the Code, and therefore sufficient. 30 Ala. 57. The omission of the word "feloniously" in the first count, and the words against his will in the second count, was at most a mere defect of form, and "did not prejudice the substantial rights of the defendant on the trial." Rev. Code, 4142. The omission was cured by verdict. 1 Russ. on Crimes, 903. If either count is good the sentence will stand. 18 Ala. 547 ; 40 Ala. 684.

Manning, J. — Appellants were found guilty upon an indictment by which it was intended to charge them with the crime of robbery ; and a motion in arrest of judgment was made on the ground of insufficiency of the indictment. In this there are two counts ; the first of which is in the form prescribed by the Revised Code (p. 809, Form No. 12), except that it does not contain the word "feloniously," in charging the acts constituting the offence. This omission is fatal. Without it, or some corresponding expression, there is nothing in the indictment to show that the persons engaged in the affair were not merely indulging in mischievous sport, instead of being actuated *animo furandi.* The second count is like the form in the Code, including the word "feloniously," except that it does not contain the expression, "and against his will, by violence to his person." The words "against his will" were held essential at common law, and are retained in the statutory form of the indictment. But as the Revised Code, when an offence may be committed by different means, allows such means to be alleged in the same count in the alternative (section 4123), and if the offence is proved to have been effected by either of these means, the conviction would be good, the form in the Code contains such alternative statements.

The form is as follows : "A. B. feloniously took a gold watch, the property of C. D., from his person and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same." Two modes of committing the offence against the injured party are stated : one,

" against his will, by violence to his person," and the other, " by putting him in such fear as [to cause him] unwillingly to part with the same." In the former case, it is against his will, and by violence; in the latter case his will consents, but only because it is subdued and constrained by fear. A charge that the crime was done in either of these modes is sufficient; but if only one mode is averred, it must be proved accordingly.

The punctuation of the sentence, and the interposition of the particle " and " before the words " against his will," makes it seem, at first view, that the statement at the end of the form in the Code, " or by putting him in such fear as unwillingly to part with the same," is the alternative only to the phrase, " by violence to his person," and that with either of these state-ments, the words " against his will " are necessary. But we think a just interpretation and due regard to the meaning of the words require us to construe them as above explained.

The second count is, therefore, a good one. And as the ver-dict is general in response to the whole indictment, and one count in this is good, the verdict and judgment are sustained by it. *Shaw* v. *The State*, 13 Ala. 547; *Montgomery* v. *The State*, 40 Ib. 684.                    Judgment affirmed.

