# Standard Coal Co. *v.* Weisel, *et al.*

### Bill to Enjoin Judgment.

#### (Decided April 5, 1917.   74 South. 935.)

Judgment; Equitable Relief; Fraud in Obtaining; Set-Off.—Where purchasers of all the stock of a corporation had full notice and knowledge of the conditions under which one of their vendors bought her stock, through a copy of the contract between her and her associates, showing that she had not paid for the stock, and that its subscription price was to be paid by her, if at all, out of the company's earnings, such knowledge required the new management to take advantage of such stockholder's indebtedness as a set-off in her action against the company, and it had no standing to enjoin the collection of such former stockholder's judgment on the ground that its set-off rendered the judgment unconscionable.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by the Standard Coal Company against Annie W. Weisel and others to enjoin the collection of a judgment and to set off an alleged indebtedness. Decree for respondent and complainant appeals. Affirmed.

DOUGLAS & RAY and ERNEST Lacy for appellants. NATHAN L. MILLER and NEEDHAM A. GRAHAM, JR. for appellee.

SOMERVILLE, J.—The bill is filed by the Standard Coal Company, a corporation, against Annie K. Weisel, et al., to enjoin the collection of a judgment recovered by Mrs. Weisel against the company, and to be allowed to set off against the judgment an alleged indebtedness due to complainant from said respondent for certain shares of complainant's corporate stock issued to her, and for which it is alleged she has never paid.

The bill shows that the present stockholders bought the entire capital stock from Mrs. Weisel and her then associates, and the

gravamen of the bill is that they had no knowledge of her indebtedness to the company for said stock; that that fact was concealed from them by the fraudulent collusion of Mrs. Weisel and her associate stockholders, some of whom were then the officers and directors of the company—in that her associates refused to deliver to the new corporate management the books and records of the company, which they concealed and withheld, and hence the new management was unable to avail itself of said indebtedness as a set-off against Mrs. Weisel in her suit against the company, as it could and would have successfully done—whereby she obtained an unconscionable judgment. Conceding, for the argument, that the evidence shows that Mrs. Weisel was indebted to the company, as alleged, yet we think the conclusion is unavoidable that the new management had full notice and knowledge of the conditions under which Mrs. Weisel bought the stock in question, and understood perfectly her relation and obligations to the company in that regard; this, because the new management were originally furnished with a copy of the contract between Mrs. Weisel and her associate stockholders showing that she had not paid for the stock, and that its subscription price was to be paid by her, if at all, out of the earnings of the company. Complainant's knowledge was therefore ample to enable it to take advantage of Mrs. Weisel's indebtedness as a set-off against the claim which she was allowed to reduce to judgment in a court of law, and its management cannot justly claim the benefit of fraud, surprise, or accident, unmixed with its own fault or negligence. If the books had been produced they could not have informed complainant of the true situation with more fullness and precision than did the written contract referred to. It does not appear that complainant's management made any effort to develop the facts in the law action, either directly, by subpœnas duces tecum to any of those who necessarily must have had the custody or control of the corporate books and records, or by interrogatories, or by a separate bill for discovery.

The omission of these measures, which it seems would have discovered all the facts—if, indeed, the written contract was not itself discovery enough—is, under the circumstances, fatal to the standing of complainant in this proceeding.—*Hill v. McNeill,* 8 Port. 432; *Stinnett v. Br. Bank,* 9 Ala. 120; *Powell v. Stewart,* 17 Ala. 719; *Pearce v. Winter Iron Works,* 32 Ala. 68; 23 Cyc.

1912. The action of the trial court in sustaining a demurrer to the original bill is assigned for error, but is not argued in brief, and it must therefore be disregarded.

For the reasons stated, the decree of the chancery court will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.