ROGERS *vs.* BRADFORD ET AL.

[BILL IN EQUITY BY PURCHASER FOR RESCISSION OF CONTRACT AND INJUNCTION OF
JUDGMENT ON NOTE FOR PURCHASE MONEY.]

1. *Dissolution of injunction on answer.*—When the answer to a bill to enjoin the
collection of a judgment or execution at law, so far denies the allegations
of the bill, as to leave it without equity as respects the other facts not
denied, the injunction may be dissolved on the answer.

APPEAL from the Chancery Court at Wetumpka.

Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by William Rogers, the appellant,
against Joseph H. Bradford, Benjamin A. Smoot, and Almon
D. Waller; asking the rescission of a contract for the purchase
of a tract of land from said Waller, on account of his
defective title, an injunction of a judgment at law on the
notes given for the purchase money, and general relief. The
bill alleged, that Waller represented that he had a perfect
and unincumbered title to the land, and that he executed to
complainant a bond conditioned that he would make title on
the payment of the purchase money, for which complainant
executed his note ; that a suit was in fact pending, when said
contract was made, to enforce a previous vendor's lien for the
purchase money, which suit was still pending when this bill
was filed ; that complainant, on discovering this incumbrance
on the title, tendered the land back to said Waller, and asked
him to rescind the contract ; and that Waller refused to do
so, alleging that he would make a good title to the land on
the payment of the purchase money. The bill does not
allege that Waller is insolvent, nor is there any allegation of
fraud on his part in making the contract. The note for the
purchase money was assigned by Waller to Smoot, who
recovered a judgment on it for the use of said Bradford.

The defendants Bradford and Smoot filed a joint answer,
which need not be further noticed. The defendant Waller,
in his answer to the original bill, admitted the execution of
the alleged contract, and the pendency of the suit to enforce

Rogers v. Bradford et al.

a vendor's lien on the land ; but insisted that he was a *bonafide* purchaser without notice, and that the vendor's lien was not operative against him. His answer also contained the following allegation : "Respondent has offered, since the commencement of this suit, to take back the land sold by him to complainant, and to procure a surrender of all demands against him on account of the sale thereof, if complainant would pay the costs that have accrued in regard thereto. This offer complainant refused to accept, but did agree to cancel the contract for the sale of said land if respondent would pay all costs incurred about it ; and this is the only offer to cancel the contract between them in reference to the sale of said land."

On this answer, a motion was made to dissolve the injunction ; but the chancellor (WALKER) overruled the motion, on the authority of Buckner v. Beirne, 9 Smedes & Mar. 305. The bill having been afterwards amended, the defendant Waller filed an answer to it, containing an allegation in these words : "Respondent denies, on his own knowledge, that complainant tendered him the bond executed to complainant for the title to said half-section of land, and asked him to rescind said contract, or made any other offer on that subject than as set forth in respondent's first answer to complainant's original bill." On the coming in of this answer, the chancellor (CLARK) dissolved the injunction ; and his decree in this behalf is now assigned as error.

L. E. PARSONS and JOHN WHITE, for the appellant.

MARTIN, BALDWIN & SAYRE, *contra.*

RICE, C. J.—In Moore v. Barclay, 23 Ala. 739, it was decided, that when the answer to a bill to enjoin the collection of a judgment or execution at law "has so far denied the allegations of the bill, as to leave it without equity as respects the remaining facts not denied by the answer," there is no error in dissolving the injunction on the answer. To that decision we adhere ; and upon its authority we affirm the decree in this case, at the costs of the appellant.