EDWARD S. HINRICHSEN, Plaintiff in Error, *v.* LOUIS REINBACK, HARRY REINBACK, and CHARLES SAMPLE, Defendants in Error.

### ERROR TO MORGAN.

A recovered a judgment against C, and was at the same time surety for B, upon an arbitration bond, for submitting differences between B and C to arbitration. C. obtained an award against B, and then filed a bill to have the amount of the judgment credited on the award. *Held,* that as A's liability to C was only contingent and might never arise, he should not be restrained from collecting his judgment, unless it was alleged that he was insolvent or about to leave the State.

JUNE 22, 1858, plaintiff in error filed his bill in chancery in the Morgan Circuit Court, alleging, that in August, 1840, Harry Reinback and Edward S. Hinrichsen, formed a partnership, under the style and firm of Hinrichsen & Reinback, and under said firm, did business at Franklin, in said county, till about the first day of January, 1851. That about the first of January, 1851, said firm was dissolved, and one Hiram Van Winkle came into said firm, with the said Edward S. Hinrichsen and Harry Reinback. Said last firm

assumed the name of Reinback & Van Winkle, said Hinrichsen being a silent partner, and continued under said last named firm till March, 1853, when Hinrichsen & Reinback purchased the entire interest of Hiram Van Winkle in said firm. That in January, 1853, said Hinrichsen & Reinback, on account of said firm, executed a note to said Louis Reinback for the sum of $400 ; that said firm was indebted to the firm of Reinback & Hinrichsen, a firm composed of Louis Reinback and Michael Hinrichsen. Said last named firm having dissolved, Hinrichsen & Reinback, on the 15th day of February, 1853, in settlement of said debt, gave a note due one day after date, with ten per cent. interest, to Michael Hinrichsen, for $354.85, and a note for like amount of same date, payable to Louis Reinback. That in March, 1853, all the assets of the firm of Reinback & Van Winkle, and Hinrichsen & Reinback, were placed in the hands of Harry Reinback for collection and disbursement, amounting to $5,865 ; also the stock of goods on hand at that time, amounting to $1,610—the debts due from said firm being about $6,000, including the three notes above mentioned. That assets received by Harry Reinback were ample to pay all the debts against said firms.

That in the spring of 1855, Louis and Harry Reinback formed a partnership ; and charges that said last named firm used the means of Reinback & Van Winkle in the business. That Louis Reinback, fraudulently intending to aid Harry Reinback to cheat complainant, commenced two suits at law against him and Harry Reinback ; one on the two notes above mentioned, made payable to him, and the other in the name of Michael Hinrichsen, to his use, on the note dated February 16, 1853, for $354.85. Said causes were continued to the March term, 1857, of said court; at which term Hinrichsen filed his separate plea in said cases ; said Harry Reinback made no defense,—and also filed his bill in chancery in said court, praying for an injunction, restraining said Louis Reinback from further prosecuting said suits ; but by mistake it was made to apply only to the case of Louis Reinback; that judgment was therefore rendered against Hinrichsen in the case of Michael Hinrichsen, to the use of Louis Reinback ; that therefore Hinrichsen presented his petition, praying an injunction to the last named case, which prayer was granted by the master in chancery. At the March term, 1857, defendants Louis and Harry Reinback filed their answer in said case, and moved the court to dissolve the injunctions, which motion was overruled. Said cause was referred to a special master, to state accounts, and cause continued ; by stipulation

of counsel, both cases were to be heard by the special master. Before said master had made up his statement of accounts, by agreement of parties, all matters in controversy between Harry Reinback and Edward S. Hinrichsen, were referred to arbitrators for final award. Accordingly, the parties entered into bond—penalty, $5,000—Louis Reinback being surety for Harry Reinback, and Michael Hinrichsen surety for Edward S. Hinrichsen, for the faithful performance of the award; by said agreement to arbitrate, the injunctions were to be dissolved. And at the October term, 1857, of said court, the same were dissolved. That said judgments, interest and costs amount, in the aggregate, to about $1,500; that execution, since issued on the same, has been levied on the property of Hinrichsen by Charles Sample, sheriff of said county. That said arbitrators to whom said matters were referred, having fully heard the evidence in the case, in March, 1858, made their award as follows:

EDWARD S. HINRICHSEN, ⎞
                      ⎬ On Arbitration.
    H. REINBACK.      ⎠

The undersigned arbitrators, after hearing the testimony and after due consideration thereof, do award that the said Harry Reinback account and pay to the firms of Hinrichsen & Reinback, and Reinback & Van Winkle, the sum of $1,296.90, that the parties be entitled to the proceeds of all unsettled and outstanding assets of said firms in equal amounts, and that the cost of this arbitration be divided between the parties, etc.

(Signed and sealed by arbitrators.)

That Reinback had due notice of the same; that Harry Reinback is still appropriating outstanding assets of said firms, and refuses to perform said award; and Louis Reinback is now endeavoring to collect the amount of said judgments off of Hinrichsen; that Hinrichsen is about to commence suit at law on said arbitration bond, and prays for an injunction, restraining Louis Reinback from further proceeding to collect his judgments until said case is heard; prays that the amount of judgment that may be recovered in said suit at law, be set off or credited on said judgments enjoined.

Master in chancery of said county granted said injunction, on complainant giving bond to defendants, in penalty of $3,000—with Michael Hinrichsen as surety.

Afterwards, on the 14th of March, 1860, said Edward S. Hinrichsen, by leave, filed his amended bill in this case, alleging, that Hinrichsen & Reinback purchased the interest

20

of Van Winkle in the firm of Reinback & Van Winkle, and also agreed to pay all the indebtedness of said firm of Reinback & Van Winkle; that as between themselves and the said Van Winkle, the said Edward and the said Harry were the only persons interested in the firm of Hinrichsen & Reinback, and Reinback & Van Winkle; that thereby said award is the same in legal effect as though it had directed Harry to pay $1,296.50 on the joint indebtedness of the said Edward's and the said Harry's indebtedness; that it was a matter of perfect indifference whether said sum should be paid on indebtedness of Hinrichsen & Reinback, or of the firm of Reinback & Van Winkle; that when the award was made, the only outstanding debts against the firms of Hinrichsen & Reinback and Reinback & Van Winkle, were the two payments already referred to, as now existing on the record of this court, and a debt of some $300 to John Spins, which last debt Hinrichsen paid before the filing of the bill in this case; that the only indebtedness now outstanding against either firm, are the two judgments offered, except a pretended claim, now in litigation, of some $257.

That the first injunction referred to in the original bill, was granted on condition that Hinrichsen and one Jacob Sample would execute injunction bond—penalty $2,000—conditioned for payment of any judgment the court might render. Said bond was duly given by Hinrichsen and the said Sample; that after the dissolution, on the —— day of ——, Louis and Harry Reinback brought suit on said bond on the common law side of this court. Suit still pending against Hinrichsen, impleaded with Jacob Sample, since deceased, seeking to obtain judgment against Hinrichsen, alleging, as a breach of the condition of said bond, the non-payment of said judgment. That in the second injunction suit in said original bill mentioned, said injunction was granted, on condition that said E. S. Hinrichsen and Thos. Spainhaver would execute a bond to defendants in the penal sum of $908.91, conditioned to pay any judgments that might be rendered; that said bond was duly filed; that after the dissolution of said last injunction, and after the commencement of this present suit, on the —— day of ——, 1859, L. and H. Reinback brought suit at law on the common law side of this court, on said bond, which is still pending against E. S. Hinrichsen and Thomas Spainhaver, alleging, as a breach of the condition of said bond, the non-payment of the judgment rendered in case of Michael Hinrichsen to the use of Louis Reinback. Judgment referred to in favor of Louis Reinback, was rendered by the Circuit Court of Morgan county, October, 1857, for $1,000.70 dam-

ages and costs of suit.   The judgment in case of Michael Hinrichsen and Louis Reinback, referred to, was rendered March term, 1857, of said court, for $448.82, and costs of suit.   That before the filing of amended bill, to wit, on the —— day of November, 1858, by interlocutory decree in this suit, the injunction granted was dissolved, and $75 damages was awarded for wrongful suing out injunction.   Bond in this case was executed by E. S. Hinrichsen and Michael Hinrichsen.   That on the —— day of ——, 185-, L. and H. Reinback brought suit in said court on said bond, to recover the $75—suit still pending.

Amended bill prays that L. and H. Reinback be enjoined from collecting said judgments against E. S. Hinrichsen and H. Reinback, out of property of E. S. Hinrichsen, except on condition of first crediting said judgments with aggregate sum of $1,448.25, being $1,296.90, with interest from date of award ; that injunction be granted restraining Louis and Harry Reinback from attempting, in said first two suits now pending, to recover judgments against defendants therein, on account of non-payment of the common law judgments.   Also, that the court will vacate said interlocutory order made in this case, and grant injunction restraining said Louis and Harry Reinback from prosecuting said suit.   Amended bill sworn to.

May 22, 1860, defendants filed their joint and several answer in this case.   That Sample is nominal party—not interested in suit.   Louis and Harry Reinback admit recovery of judgment in favor of Michael Hinrichsen, to the use of Louis Reinback, March 17, 1857, for $448.80, and costs.   Also judgment of Louis Reinback, against same defendants, Oct. 30, 1857, for $1,000.70, and costs of suit.   Admit complainants enjoined the collection of said judgments as alleged in the bill.   Admit cause was consolidated, and, August 13, 1857, referred to a special master.   That after meeting before said master, by consent, said injunctions were dissolved, and at the same time complainant, with Michael Hinrichsen as surety, and Harry Reinback, with Louis Reinback as his surety, entered into a bond, each to the other, in the penalty of $5,000, conditioned to abide the award of the arbitrators named in the bill, as to the matter of controversy between complainant and Harry Reinback in said suit ; that said arbitrators made the award named in the bill.

Defendants, further answering, say, Louis Reinback is exclusively entitled to benefit of said judgments.   That said Louis and Harry are abundantly solvent ; that it is unjust to prohibit the said Louis from collecting his judgments, because of supposed insolvency of Harry, until complainant shall

establish his demands against Harry. Louis denies that he has contemplated removal of his firm and effects from this State, to the prejudice of complainant, E. S. Hinrichsen; that the said award is void for uncertainty. That the averments made in the amended bill to aid said award, are untrue. Denies the right to aid said award by averment and proof. Admit all the allegations of original and amended bill as to proceedings had in this court, and deny all fraud. Defendants moved for a dissolution of said injunctions, and say the bill original and amended are multifarious, and therefore bad. Answer not sworn to.

Cause heard on original and amended bill, answer, replication of complainant thereto, and testimony referred to in decree.

It was admitted by defendants, on the hearing of this case, that Hiram Van Winkle, soon after the formation of the firm of Reinback & Van Winkle, went out of the firm and drew wages as a clerk from the time he first went there, and that he never had any interest in the said firm. Also, the debts due from said firms, or either of them, except the judgment of said Louis Reinback, mentioned, and a judgment of Ransen Van Winkle, now enjoined and in litigation in this court, had been fully paid.

The court entered a decree dissolving said injunctions, and dismissing complainant's bill.

Isaac L. Morrison, for Plaintiff in Error.

D. A. Smith, for Defendants in Error.

Breese, J. The scope of the bill filed by plaintiff in error, seems to be to compel Louis Reinback to appropriate the two judgments he obtained against the plaintiff in the Circuit Court in his actions at law, to the payment of the award in favor of the plaintiff against Harry Reinback, on the ground that Louis is the surety of Harry in the arbitration bond, and may, perhaps, be compelled to pay the amount. That to avoid circuity of action, it would be expedient, just and equitable that the one should be set off against the other *pro tanto.*

There is no proof of fraud, or of insolvency in either Harry or Louis—on the contrary, as it regards Louis, he is admitted to be responsible. It is an unquestionable fact, that the plaintiff is the debtor of Louis Reinback, by judgment duly entered. That cannot be disputed. Without deciding whether the award is binding or not, the liability of Louis on the bond, is uncertain and contingent. He may

never be required to pay a dollar on it. What equity then can there be in delaying Louis who is a judgment creditor, in the collection of his debt, on the bare probability, that at some future time, he may be called on to satisfy the penalty of his bond. Were he insolvent, or about to leave the State, there might be some pretense for the claim. Equity might, perhaps, take jurisdiction under such circumstances. *Buck-master* v. *Grundy*, 3 Gilm. 626. The remedy, if the award be binding, is complete and adequate at law. There being no proof of insolvency or fraud, there is nothing appearing to justify the intervention of a court of equity, to restrain Louis from the collection of his judgments. The award stands against Harry Reinback to be enforced at law. The judgments are in favor of Louis, disconnected wholly from the award, and for which, the plaintiff is liable to Louis in his own right. We are at a loss to perceive any ground for the equitable interposition of the court.

The decree dismissing the bill, must be affirmed.

*Decree affirmed.*