# Whitworth *v* Thomas.

*Statutory Detinue for Mule.*

1. *Fraudulent representations of soundness; right of purchaser to rescind* —On the sale of a horse, if the seller represents him to be sound, knowing him to be unsound, and the purchaser is thereby misled to his prejudice, not being able to discover the defect by ordinary observation, this constitutes a fraud, and gives the purchaser a right to rescind, on demand made within a reasonable time after the discovery of the fraud.

2. *Mutual frauds, on exchange of horses.*—On an exchange of horses, if a fraud is perpetrated by one of the parties, for which the other claims a rescission, his own fraud in the transaction is no defense to his action. The maxim, *In pari delicto potior est conditio possidentis*, does not apply to such case.

[Whitworth v. Thomas.]

3. *Recoupment, and set-off.*—In detinue, or the corresponding statutory action, there can be no set-off, nor recoupment of damages.

4. *Relevancy of evidence on question of soundness.*—As relevant to the question whether a horse was sound or unsound, when sold as sound, it is competent to prove what kind of work, and how much, was done by the animal while in the hands of the purchaser.

5. *What witness may state.*—A witness, knowing the facts, may state that the purchaser "treated the animal well," this being but a shorthand rendering of the facts.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JOHN B. TALLY.

This action was brought by Robert Thomas, against Henry Whitworth and Mrs. Tabitha Whitworth (now Latham), to recover a mule, with damages for its detention; and was commenced on the 23d June, 1884. On the trial, numerous exceptions were reserved by the defendants to the rulings of the court on evidence, and these rulings are here assigned as error. The opinion states the material facts.

R. C. HUNT, and W. L. MARTIN, for appellants, cited 2 Chitty's Pleadings, 16th ed., 393; 1 Story on Contracts, § 543, note 5; *Black v. Oliver*, 1 Ala. 449; *Gunter v. Leckey*, 30 Ala. 591; *Walker v. Gregory*, 36 Ala. 180; *Hill v. Freeman*, 73 Ala. 200; *White v. Eq. Mutual Asso.*, 76 Ala. 251.

J. E. BROWN, *contra*.

STONE, C. J.—The present suit is a statutory action for the recovery of a chattel in specie, corresponding to the common-law action of detinue in every respect material to the decision of this appeal. Thomas exchanged with Whitworth a mule for a mare, giving and paying a small difference. About two weeks after the exchange, he tendered the mare back, and demanded a rescission, claiming that the mare was unsound when traded to him, and that he had been defrauded in the trade. Whitworth refused to receive the mare, and refused to rescind. Thomas thereupon brought this action to recover the mule. There is no contrariety of testimony bearing on the points stated above.

There is no pretense in this case that there was any warranty of the soundness of the mare. The scope of the contention is, that the mare was unsound; that that fact was known to Whitworth, but unknown to Thomas; and that, in negotiating the trade, Whitworth represented that she was sound so far as he knew, and by means thereof induced

[Whitworth v. Thomas.]

Thomas to make the trade. If these were the facts, they armed Thomas with the right to rescind, if seasonably and properly demanded. The demand would be seasonable and proper, if he tendered the mare back with no undue delay, after discovering the deceit practiced upon him.—3 Brick. Dig. 736, §§ 78, 79, 80; *Perry v. Johnson*, 59 Ala. 648; 2 Pars. Con., bottom page, 920; 3 Wait's Ac. & Def. 432, 455-6. If a seller knows the horse to be unsound, and informs the buyer that he is sound so far as he knows; and the buyer, not knowing the contrary, nor able to discover it by ordinary observation, relies on such representation, and consummates the trade, this, if injury result from it, constitutes a fraud; and the buyer is authorized to rescind, if he demand it within a reasonable time after discovering the fraud.

The maxim, *In pari delicto potior est conditio possidentis*, has no application to a case like this. That maxim applies, and only applies, where two or more are jointly concerned in the perpetration of one and the same fraud; a conspiracy or combination to accomplish an illegal object, through fraud, by which some third person is to be the sufferer. It does not permit one independent deceit or fraud to be set off against another deceit or fraud, so as, on that account, to estop the latter from maintaining his suit. It may confer a right to a cross action. It does not deny to either party all right to sue.

The plaintiff's right of action in this case depends on his ability to show that Whitworth had defrauded him in the exchange of the mare for the mule. The issue raised the inquiries, whether the mare was unsound when the trade was made; whether Whitworth knew it, and whether he used any expression, or resorted to any artifice, with a view of concealing that fact, or of throwing Thomas off his guard. If these inquiries be answered in the affirmative, and if Thomas trusted them, and suffered injury as a consequence, this part of his complaint is made good. In the present action—statutory detinue—no question of recoupment, or set-off, could have been considered, even if it had been attempted. It was not offered to be raised by the pleadings. Code of 1886, § 2683.

It follows from what is said above, that any and all testimony, tending to show legitimately that the mare was unsound when traded, that Whitworth knew it, and that he made any false representations in regard to it, or practiced

any deceit or artifice to mislead Thomas, should have been received; and any legal testimony tending to disprove either of these propositions, was also admissible. On the other hand, any proof of misrepresentation of the qualities of the mule, alleged to have been made by Thomas, was wholly immaterial. The value of the mule, and of his hire, was pertinent, only as tending to furnish a basis of recovery.

All the testimony in regard to the working qualities of the mule, and in reference to Thomas' representations in relation thereto, was properly ruled out by the court; and we will not make further reference to rulings on that question.

The Circuit Court erred in refusing to allow the defendant to ask the plaintiff, on cross-examination as a witness, to state what work the mare had done since he traded for her. An answer to this question would have tended to prove the mare's capacity for work, and would have shed some light on the question of her soundness.

In rebuttal, plaintiff was asked by his counsel, "Did you treat the mare well or ill?" In form, the question was, perhaps, objectionable, but that furnishes no ground of reversal. In substance, the answer was but a short-hand rendering of the facts, subject to having the details called out on cross-examination, if requested. The court did not err in allowing this question to be answered.

A witness for defendant was asked, "What character of work and service is the mare performing for plaintiff at this time?" This, on motion of plaintiff, was excluded. In this, the Circuit Court erred, for reasons stated above.

Lisle, a witness for plaintiff, was asked, if he heard Mrs. Latham, one of the defendants, say anything about trading the mare. There was exception to the ruling of the court, permitting this question to be asked. The question was proper, but the answer was too remote to shed any proper light on the question at issue.

Reversed and remanded.