# Owen v. Gerson.

*Bill in Equity to Enjoin Judgment at Law.*

|119   217|
|127   221|

1. *Dismissal of bill for want of equity.*—On a motion to dismiss a
   bill for want of equity, the inquiry is whether the bill, con-
   sidering all amendable defects as having been cured by
   amendment, contains equity—whether in the absence of de-
   murrer the averments are sufficient to support a decree *pro
   confesso* and final decree granting relief.
2. *Insolvency of plaintiff in judgment as ground for injunction and
   set-off in equity; excuse for not defending at law; when suf-
   ficient in absence of demurrer.*—While insolvency alone of
   the plaintiff in a judgment at law may not be a sufficient
   ground for resort by defendant to a court of equity to set off
   a demand which could have been made available as a defense
   in the action at law; and while an averment merely that no
   defense was made at law because of the continued sickness
   of complainants is obviously insufficient to show accident, or
   mistake, unmixed with negligence, upon demurrer specifying
   its defects, yet in the absence of demurrer, such bill should
   not be dismissed for want of equity.

[Owen v. Gerson.]

APPEAL from Montgomery City Court.
Tried before Hon. A. D. SAYRE.

The bill in this case was filed by the appellants, Mary W. Owen and P. H. Owen, against the appellee, Nathan Gerson; and prayed to have enjoined a judgment recovered by the defendant Gerson against the complainants in the circuit court of Montgomery county, and that the complainants be permitted to set off against said judgment and in satisfaction thereof, certain claims which they held against the defendant. It was averred in the bill, "that owing to the continued sickness of both of the complainants they failed to make any defense to said suit, or to interpose any plea of set-off or recoupment." On the filing of the bill a preliminary injunction was issued. To the bill the defendant demurred upon several grounds and also moved to dissolve the injunction and to dismiss the bill for the want of equity. On the submission of the cause upon the demurrer and upon the motion to dissolve the injunction and to dismiss the bill for the want of equity, the judge of the city court, sitting as chancellor, without passing specifically upon the demurrers, ordered the injunction dissolved and the bill dismissed. From this decree the complainants appeal, and assign the rendition thereof as error.

GORDON MCDONALD, for appellant, cited, *Waldron v. Waldron,* 76 Ala. 285; *Waring v. Lewis,* 53 Ala. 615; *Kirby v. Kirby,* 70 Ala. 370; *Moore v. Taggart,* 51 Ala. 525.

LEE H. WEIL, contra, cited, *Robbling v. Stevens,* 93 Ala. 39; *Noble v. Moses Bros.,* 74 Ala. 604; *Waldon v. Waldron,* 76 Ala. 285; *McCollum v. Prewitt,* 37 Ala. 573; *Moore v. Faggard,* 51 Ala. 525; *Nat. Fert. Co. v. Hinson,* 15 So. 844; *Powell v. Stewart,* 17 Ala. 719; *Watts v. Sayre,* 76 Ala. 397; *O'Neill v. Perryman,* 14 So. 898.

HEAD, J.—It may be that insolvency alone of the plaintiff in judgment is not a sufficient ground for resort by defendant to a court of equity to set off a demand held by him against the plaintiff which could have been made available as a defense in the action at law, and that to support a bill it must be averred that the failure

to plead and obtain the benefit of the set-off in the action at law was due to fraud, accident or mistake unmixed with negligence, etc., as is required in reference to defenses that are necessarily involved in the adjudication at law. It seems to have been so expressly held in *Pearce v. Winter Iron Works*, 32 Ala. 68, and *Nelms v. Prewitt*, 37 Ala. 389. See also, *Watts v. Sayre*, 76 Ala. 397. But the demurrers to the bill raising that question have not been passed upon by the chancellor, and the question is not before us. The chancellor having dissolved the injunction and dismissed the bill for want of equity, we have only to inquire whether the bill, considering all amendable defects as having been cured by amendment, contains equity—whether in the absence of demurrer the averments are sufficient to support decree *pro confesso* and final decree granting relief.

The complainants, after sufficiently setting up the set-off and averring insolvency of the defendant (plaintiff in the judgment at law) set up in the bill, as an excuse for not defending at law, their continued sickness. Whilst this is obviously insufficient upon demurrer specifying its defects, yet the defendant in the bill may, if he chooses, accept it as sufficient by not making specific objection by demurrer, pointing out the defects, and in that case the averment would sustain the bill and relief granted thereon. A motion to dismiss the bill or dissolve the injunction for want of equity would not lie. Such is, in effect, this case as it comes before us—the demurrers not having been passed upon—and we are compelled to hold that the decree sustaining the motion to dismiss and dissolve the injunction was erroneous.

Reversed, injunction reinstated and cause remanded.