# First National Bank of Gadsden *v.* Denson.

### *Action to Recover Usurious Interest Paid.*

1. *When defendant can demand jury trial under special act.*—Under the act to establish the city court of Gadsden, Act 1890-1, p. 1103, the defendant in a civil cause has the right to demand a trial by jury after an issue of fact is arrived at, by endorsing such demand upon the plea tendering such issue; he is not precluded of his right of jury trial by failing to make the demand in writing pending the trial of issue of law.

APPEAL from Gadsden City Court.
The record does not name the presiding judge.

William H. Denson brought this suit against the First National Bank of Gadsden under section 5198 of the Revised Statutes of the United States, to recover back usurious interest paid by him to the bank on a loan of money to him. The only point considered is the time at which a defendant may make demand for jury trial in the city court of Gadsden, and on that point the opinion states the necessary facts.

AMOS E. GOODHUE and DORTCH & MARTIN, for appellant.—Waiver of the constitutional right of jury trial should not be predicated on · doubtful implication. *Steadham v. Steadham*, 32 Ala. 526; *Martin v. King*, 72

Ala. 356; *United States v. Rathbone,* 2 Paine's Circuit Court Rpts. 578.

DENSON & BURNETT, *contra.*
No brief came to reporter's hands.

TYSON, J.—The act "to establish the city court of Gadsden" contains several provisions which materially differentiate it in respect to the question here involved, from the act "to establish the city court of Selma" as construed in *Hunt v. Johnson, Parks & Co.,* 96 Ala. 130. The first provision we will advert to, is found in section 28, which provides that in all civil cases the city court of Gadsden "may sit [set] down any cases for hearing on the pleadings alone and render judgment or judgments thereon, and from which judgment or ruling an appeal lies to the Supreme Court to be taken within thirty days after the rendition of such judgment."—Acts 1890-91, p. 1103. Manifestly no jury would be required under this section on the hearing of the pleadings as no issue of fact would be presented for their consideration. The purpose of this "hearing of the pleadings" was to arrive at an issue of fact in advance of a trial upon the facts, whether the issue of fact was to be determined by the court without the intervention of a jury or by a jury. The wisdom of this is apparent. It not only saves cost, in that, it relieves the parties litigant of incurring the expenses incident to the subpœna and attendance of witnesses, and the county of paying a jury, perhaps when one would not be needed, but tends to establish a more orderly system for the trial of causes. It was doubtless on account of the provisions of this section, that the legislature put the words "or when the cause is at issue" in section 13 of the act, and which are not in the act establishing the city court of Selma. Section 13 reads as follows: "That in all civil causes at law in said city court the issues and questions of fact shall be tried by the court without the intervention of a jury unless a jury be demanded by the plaintiff in writing at the commencement of the suit *or when the cause is at issue,* or by the defendant or garnishee by endorsing such demand in writing upon the demurrer, plea, answer, or

other pleading filed by him. * * A failure to demand a jury as above directed shall be deemed and held a waiver of the right of trial by jury." The contention is, that notwithstanding the plaintiff by the terms of this section, has the right to demand a trial by jury after a hearing of the pleadings, and cannot be held to have waived it by not demanding it until the cause is at issue upon the facts, the defendant upon the filing of a demurrer to the complaint must demand a trial by jury, although, of necessity, only an issue of law is raised by the demurrer. It may be after hearing the demurrer to the complaint there would be no necessity for any further trial. Should the demurrer be sustained and the plaintiff decline to amend, judgment must be rendered for the defendant or should the demurrer be overruled, the defendant declining to plead further, judgment must be rendered in favor of the plaintiff. In either of these events, no issue of fact would be made between the parties and no jury would be required. It is apparent under the act, that so far as the plaintiff is concerned, his right to demand a jury is preserved to him, until after this stage of the proceedings has been reached and passed. And why should not the defendant have the same right? The reason for preserving this right to the defendant is just as patent in view of the objects and purposes to be subserved as it is in preserving it to the. plaintiff. Indeed, there is no room to hold that it was the intention of the legislature to preserve the right of a trial by jury to the plaintiff until a certain stage in the proceedings is reached, and to deprive the defendant of this same right, because of his failure to demand it before the same stage in the proceedings is arrived at. Such a construction confers upon the one a special and valuable privilege, which is not conferred upon the other. And this special privilege is made apparent when the fact is noted that as a condition to the trial by a jury the party demanding it shall deposit with the clerk of the court four dollars as a jury tax fee. It is clear to our mind that it was not the intention of the legislature to confer any such privilege and that a defendant has the same right as the plaintiff to wait until he tenders an issue of fact by his proceedings before he can be held

to have waived his right to demand a trial by jury; which demand he must endorse in writing upon his plea, answer or other pleading filed by him tendering such issue of fact.

It may be well to observe that the act under consideration differs in the respect here pointed out, from the act under review in the case of *Brock v. L. & N. R. R. Co.*, 26 So. Rep. 335. And the cases of *Knight v. Ferrall*, 113 Ala. 258, and *Ex parte Ansley*, 107 Ala. 613, do not in the remotest degree conflict with what we have here said. The point raised and decided in those cases, while under a similar statute, is clearly not the one here involved.

The court should not have stricken the written demand of defendant, endorsed upon its pleas, for a trial by jury and ordered the cause to be tried without the intervention of a jury.

The other question presented by the record grows out of the finding of fact by the court upon a consideration of the evidence. This, since the cause must be remanded, will probably be tried by a jury, we will not consider, lest what we might say, may prejudice the rights of the parties upon another trial.

For the error committed, the judgment is reversed and the cause remanded.