[Brock v. Forbes.]

# Brock *v.* Forbes.

### *Action of Detinue.*

1. *Action of detinue: plea of recoupment: statute of limitations.*
   In an action of detinue, where the plaintiff claims title to
   the property sued for as vendor under a conditional sale, in
   which the purchase money had not been paid, and the de-
   fendant interposes a plea of recoupment in which he claims
   damages for the breach of warranty in the sale of the prop-
   erty sued for, and to this plea there is a replication setting
   up that the defendant's alleged claim for damages for the
   breach of warranty, as alleged in the plea, was barred by the
   statute of limitations and issue is joined on such replication,
   if the facts show that the defendant's cause of actions as
   alleged in the plea for the breach of warranty was barred
   by the statute of limitations, the plaintiff is entitled to the
   general affirmative charge in his favor.

2. *Pleading and practice; when error without injury.*—In a case
   where there was several rulings upon the evidence, but upon
   the undisputed and competent evidence in the case, the plain-
   tiff was entitled to the general affirmative charge in his be-
   half, error in the rulings upon the evidence is without in-
   jury and furnishes no ground for a reversal of the judgment
   rendered in favor of the plaintiff.

3. *Action of detinue; sufficiency of judgment.*—In an action of de-
   tinue brought by a vendor in a conditional sale, where, in
   compliance with a suggestion made by the defendant under
   the statute, (Code, § 1477), the jury ascertains the unpaid
   balance due upon the property sued for, a judgment upon
   such verdict, which adjudged that the plaintiff is entitled to
   recover the property sued for, describing it, or the amount
   of the debt together with the value of the hire and deten-
   tion as fixed by the jury and the costs, and then further
   orders that if the debt ascertained to be due by the jury, to-
   gether with interest and costs be "paid within thirty days,
   no execution or other process shall issue upon this judg-
   ment," is sufficient and free from objection.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

This was an action of detinue brought by the appellee,
E. E. Forbes, against W. J. Brock, to recover possession

[Brock v. Forbes.]

of one Ivers & Pond piano, together with the value and use thereof during the detention. The suit was instituted on November 15, 1898. The material facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

The trial was had upon issue joined upon the replications filed to the plea of recoupment. The defendant suggested, under the provisions of section 1477 of the Code, that the action was brought by the plaintiff as vendor who had made a conditional sale, reserving title until the entire purchase money should be paid, and he asked that the jury be required to ascertain the unpaid balance due on the piano.

Upon the submission of the cause the jury returned a verdict which was in words and figures as follows: "We, the jury, find for the plaintiff. We find the piano to have been worth on the 15th day of November, 1898, [the date of the institution of the suit], $300. We find the hire of the piano from the 15th day of November, 1898, to have been $2.50 per month, amounting to $26.25 up to date. Balance of debt due plaintiff $175.65." On this verdict the court rendered the following judgment: "It is therefore considered by the court that the plaintiff have and recover of the defendant the property sued for, to-wit, one Ivers & Pond piano, style W. Wal., No. 10,405, or the sum of one hundred seventy-five and 65-100 dollars, the amount of the debt; also the sum of twenty-six and 25-100 dollars damages for the hire or detention thereof, together with the costs in this behalf expended, for which let writs of seizure and execution issue. It is therefore considered by the court that the unpaid balance of the purchase price of the piano sold is the said sum of one hundred and seventy-five and 65-100 dollars, so ascertained by the jury, and it is therefore ordered by the court that if the debt so ascertained, interest and costs be paid within thirty days no execution or other process shall issue on this judgment."

The defendant appeals, and assigns as error the several ruling of the trial court, to which exceptions were reserved.

[Brock v. Forbes.]

A. P. AGEE, for appellant, cited *Bryant v. Crosby*, 58
Amer. Dec.. 767; *Smith v. Richards*, 13 Peters, 26; *Ship-
ley v. Bowen*, 122 U. S. 596; *Riddle v. Webb*, 110 Ala.
599; *Moses v. Katzenberger*, 84 Ala. 95; *Marshall v.
Wood*, 16 Ala.. 806; *Perry v. Johnston*, 59 Ala. 648;
*Young v. Arntz*, 86 Ala. 116; *Talbot Paving Co. v. Gor-
man*, 27 L. R. A. 96.

W. P. ACKER, *contra*, cited *Barnett v. Pollard*, 2 Ala.
184; *Sledge v. Scott*, 56 Ala. 202; *Claghorn v. Lingo*, 62
Ala. 230; *Tabor v. Peters*, 70 Ala. 96; *Hughes v. Ander-
son*, 68 Ala. 280; *Ming v. State*, 73 Ala. 1; 11 Encyc. Pl.
& Pr., 137-9.

TYSON, J.—This was an action of detinue brought
by the plaintiff against the defendant to recover posses-
sion of a piano.    The plaintiff's title to the piano was
that of vendor, having made a conditional sale of it to the
defendant, reserving title until the purchase money was
paid.

The defendant, among other pleas, filed a special plea
of recoupment in which he claimed $300 damages for a
breach of warranty in the sale of the piano.   It is alleged
in said plea that in December, 1891, plaintiff sold him
the piano sued for in this case, and warranted that the
piano was one of the best made and that "he could or
would guarantee it," for which defendant agreed to pay
him $525, giving his notes for $340, having paid the re-
mainder and more, otherwise.   That there was a breach
of said warranty in this, that the said piano, although it
has been carefully used and treated during the time it
has been in defendant's possession, will not now make
music except in clear, dry weather, and part of the keys
in damp weather or wet and rainy weather will make no
sound; to the damage of the plaintiff in the sum of $300,
which defendant hereby offers to recoup against the bal-
ance that the court may find due on the purchase money
and defendant claims judgment for the excess.   This
plea was demurred to by the plaintiff, but the court over-
ruled the demurrer.

Since the plaintiff took issue upon the plea and replied
specially and the defendant prosecutes this appeal, we

are not called on to pass upon its sufficiency. However, it was held in *Whitworth v. Thomas*, 83 Ala. 308, that in detinue or the corresponding statutory action there can be no set-off nor recoupment of damages. See also 22 Am. & Eng. Ency. Law, 240.

To this plea the plaintiff replied specially, first, that the defendant's alleged claim for damages for breach of warranty as alleged was barred by the statute of limitations of three years, and, second, that his claim for damages for breach of warranty, as alleged, is barred by the statute of limitations of six years.

The defendant took issue upon these two replications. The evidence shows undisputedly that the defendant's cause of action arose against the plaintiff as alleged in his plea in December, 1891, nearly seven years before the institution of this suit. So under the issue tendered by these replications the plaintiff was entitled to have the court charge affirmatively to find a verdict in his favor.

The errors complained of relate to the exclusion of evidence upon the question of breach of warranty *vel non* and to written charges given at the request of the plaintiff and refused to the defendant.

Conceding that error was committed by the court in respect to all these matters, it can in no wise affect the right of the plaintiff to have had, if requested, the affirmative charge upon the two replications. If error, there was no injury done of which the defendant can complain.—*Glass v. Mayer*, 124 Ala. 332, and authorities therein cited.

There is no objection to the judgment. Under it the defendant may deliver the piano and pay damages for its detention as assessed by the jury, or he may within thirty days pay the unpaid balance of the purchase price, to-wit, $175, as ascertained by the jury, and interest thereon, and the costs of the suit, whereupon no execution or other process will issue against him. This is in conformity to the statute.—Code, § 1477.

Affirmed.