# Evans *v.* Mackey.

*Bill for Equitable Set Off Against Judgment at Law.*

(Decided June 30, 1914. 66 South. 3.)

1. *Judgment; Conclusiveness; Matters Concluded.*—The facts considered and it is held that in the absence of fraud in the sale, or of complication or mutuality in the accounts of the partnership the previous existence of a partnership relation would not justify a resort to equity for an accounting of the partnership indebtedness, and the matter involved in complainant's suit might have been determined in the action at law, and the judgment rendered in the action at law defeated or defeats the present bi'l.

2. *Partnership; Dissolution; Settlement; Conclusiveness.*—Any claims which a partner might have against the partnership for personal services by him were merged in the settlement between the parties, resulting in his purchase of the other partner's interest at a fixed price, less one-half of the firm's indebtedness.

APPEAL from Cherokee Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by R. L. Evans against W. D. Mackey to enforce an equitable set off against a judgment at law. Judgment for respondent and complainant appeals. Affirmed.

GEORGE D. MOTLEY and HUGH H. WHITE, for appellant.

HUGH REED and R. F. CONNER, for appellee.

SAYRE, J.—Complainant (appellant) and defendant had been engaged in business as partners. There was a dissolution by consent, and by an agreement then made defendant sold his interest in the partnership property and business to complainant at and for the sum of $1,150, less one-half of the firm's indebtedness, which complainant assumed. Afterwards defendant here sued complainant in an action at law for a balance due on the agreed purchase price of the partnership property and business, and recovered judgment. Now complainant has filed this bill to have the benefit of a set-off, as he calls it, against the judgment, for that defendant refuses to credit him with more than $680.68 on account of the partnership indebtedness; whereas, he avers he is entitled to a credit of $1,000.

It was considered in the court below that the facts averred in the bill gave it equity, but that complainant had failed in his proof. Notwithstanding the principle of law to which we shall refer as controlling this case against complainant, we may concede that it was properly held in the court below that the bill stated a cause of equitable cognizance as for any ground of demurrer taken against it, because its averment, which took the shape of a mere conclusion of the pleader, was that complainant could not avail himself of his claimed set-off in the court of law. But on the evidence it is

[Evans v. Mackey.]

clear that complainant was not entitled to have the
court of equity intervene.  The amount of the partner-
ship indebtedness, and in consequence the amount of
complainant's indebtedness to defendant here on ac-
count of the partnership property, should have been,
and so, for the purposes of this bill, was, finally settled
in the law court.  Any claims complainant may have
had against the partnership for personal services ren-
dered by him were merged in the settlement which re-
sulted in the sale; and whether so or not, the sale of
the property having put an end to the lien of the part-
ners, and there being no averment of fraud in the sale
nor of complication or mutuality in the accounts of the
partnership with its creditors, the mere fact of the pre-
vious existence of the partnership relation would not
justify a resort to equity for an accounting of the part-
nership indebtedness in order to establish the amount
due from complainant to defendant.  That matter was
determined in the action at law between these parties,
or they were within the issue there tried and should
have been determined, and the abatements or deductions
from the purchase price there established—for  such
they were, rather than matters of set-off—which com-
plainant now seeks to have decreed to him were avail-
able in that forum.—*Brown v. Burnum,* 99 Ala. 114, 12
South. 606.  Complainant has failed to show any reason
for his failure to· make there the proof he attempts to
make here, has failed to establish any basis in law or
fact for his averment that he could not avail himself of
his so-called equitable set-off in the law court, has, in
short, failed to show any ground for equitable relief.—
*Owen v. Gerson,* 119 Ala 217, 24 South. 413; *Pearce v.
Winter Iron Works,* 32 Ala. 68; *Nelmes v. Prewitt,* 37
Ala. 389.

The decree might very well be justified on the ground, also, that complainant failed to prove the items of indebtedness he relied upon by way of so-called set-off. In fact, it may fairly be said, complainant's case here seems to be the result of an afterthought, and has the inherent weakness of every such conception, for no other plausible reason can be assigned for his failure to offer his evidence on the trial of the action in the law court where the contention here made should have been determined, and would have been determined had it contained any merit.

Affirmed.

ANDERSON, C. J., and McCLELLAN and DE GRAFFENRIED, JJ., concur.