(83 South. 64)

WILSON v. MONTGOMERY BANK & TRUST CO. (3 Div. 395.)

(Supreme Court of Alabama. June 30, 1919. Rehearing Denied Oct. 23, 1919.)

1. PLEADING ⬅214(1) — FACTS TAKEN AS TRUE ON DEMURRER TO REPLICATION.

On demurrer to a replication, the facts stated therein must be taken as true.

2. LIMITATION OF ACTIONS ⬅41—POTENTIAL SET-OFF NOT BARRED WHILE OPPOSING CAUSE OF ACTION EXISTS.

Code 1907, § 5863, providing that plaintiff cannot set up limitations against pleas of set-off, where the right of set-off existed when plaintiff's right of action accrued, prevents plaintiff setting up limitations in a subsequent independent action of defendant as plaintiff on a matter of set-off, which defendant could have, but failed to, set up in a former action by plaintiff against defendant.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by Albert F. Wilson against the Montgomery Bank & Trust Company for a deceit in the sale of stock. From adverse rulings on pleadings, the plaintiff took a nonsuit, and appealed. Reversed and remanded.

The complaint is as follows:

(1) The plaintiff claims of the defendant the sum of $1,500 for this, to wit, that defendant, being insolvent or greatly embarrassed and unable to conduct its usual business, and being well aware of this fact, induced the plaintiff to buy from it $2,000 worth of its stock at par (for $2,000), when in fact said company was in an insolvent and failing condition, by representing to him, which representations plaintiff relied on through its agents, that the company was solvent and in a prosperous condition, when in fact it was then practically insolvent or in a failing condition, and said stock was not worth more than 50 cents on the dollar, whereby plaintiff sustained a loss of, to wit, $1,500—the said stock was bought on, to wit, the 27th day of January, 1910, but plaintiff did not discover the facts showing the falsity of said representations until within six months last passed; that said stock declined in value from its purchase to this date, and is now practically worthless; that plaintiff after his purchase sold the stock at about $700 or $800, which was the market price at that time—all to the damage of the plaintiff $1,500, for which he sues.

The replication is in the following words:

Plaintiff replies to the plea of the statute of limitations of one year that the defendant, from the time plaintiff's demand arose, so as to start the statute of limitations against it, had against this plaintiff an existing debt, induced by promissory note on which payment was secured within less than one year before the commencement of this suit, and this plaintiff's cause of action was a legal existing claim against said defendant's said debt due to it at the time said cause of action accrued to said defendant in this case, and that judgment has resulted in the claim of said Montgomery Bank & Trust Company's claim which plaintiff in this case paid, and this suit was commenced within one year from the rendition of said judgment, and plaintiff failed to plead his said set-off thereto by accident, and now asserts it by independent suit.

The following demurrers were filed to the replication:

(1) The existence of defendant's claim and suit thereon against the plaintiff did not prevent plaintiff from prosecuting a suit on the demand herein claimed.

(2) The facts alleged in said replication did not postpone the beginning of the time from which the statute of limitations began to run. It does not set out the facts showing that plaintiff failed to prove set-off by accident in the suit referred to therein.

W. A. Gunter, of Montgomery, for appellant.

Ball & Beckwith, of Montgomery, for appellee.

MAYFIELD, J. Appellant sued appellee in case, in the nature of an action of deceit in the sale of some corporation stock by appellee to appellant.

The complaint consists of one count only. The count evidently intended to anticipate the defense of the statute of limitations of one year. For this purpose and to this end, it is alleged that plaintiff did not "discover the facts showing the falsity of the representations until within six months last passed, thus attempting to bring the case within the protection of section 4852 of the Code.

Notwithstanding this allegation, the defendant did, however, plead specially the statute of limitations of one year. To this plea, the plaintiff replied, setting up the protection of section 5863 of the Code. Defendant demurred to this replication, and, the demurrer being sustained, the plaintiff took a nonsuit, with a bill of exceptions, and prosecutes this appeal.

Upon casual reading of section 5863 of the Code, and finding it under the chapter relating to set-off and recoupment, it might be thought to be applicable only to pleas of recoupment or set-off, and as defensive matter to plaintiff's action. The statute, however, from an early date, has been treated by the court as one of our statutes of limitations, and that it is availing in an action brought by a plaintiff on a claim or demand which, but for the statute, would be barred. This statute in its object, purpose, and effect has been likened by this court to section 4849 of the Code as to how time is reckoned in suits on mutual accounts.

In the case of Conner v. Smith, 88 Ala. 300, 7 South. 150, in which a plaintiff in an independent suit invoked the statutes (section 5863) this court said that the case did not come within the letter, but within the spirit, of the statute, and that the spirit and purpose of the statute was within line with that principle of law applicable to cross-demands. "Such a claim runs with the contract, so to speak, and may, at least when it goes to the consideration, as it generally does in some sort, and as in the case here, be relied on without regard to the statute of limitations. So long as the contract, upon a breach· of which the claim is predicated, subsists, and may be enforced, the claim itself may be pleaded in reduction, at least, of the demand on the contract; and this notwithstanding the matter of recoupment, independently considered, may be barred, not only when it is pleaded, but also when the right of action, against which it is asserted, accrued. Wood on Limitations, pp. 602, 603, § 282."

The above case has been repeatedly followed. See cases of Dunham v. Holt, 124 Ala. 181, 27 South. 556, and Fowler v. Bellinger, 140 Ala. 240, 37 South. 225. In both of these cases the cause of action sued on by the plaintiff would have been barred but for the statute, and were barred as an independent claim when the plaintiff in the last suit had been sued by the defendant in a prior action, in which there was no plea of set-off or recoupment, and yet the statute was held to apply and to save plaintiff's case from the statute of limitations. In Dunham v. Holt, supra, it is said:

"It is true in order for the· complainant to have gotten the benefits of this set-off in the proceedings of Holt against it, it would have been required to plead it specially. But because it was not pleaded does not destroy its quality or character as a set-off or counterclaim. It is pleaded here as such, and we may add, as a defense to the enforcement of Holt's demand, and it is because it is so pleaded that a court of equity will entertain the bill."

[1, 2] In neither of those two cases was there any attempt to plead set-off or recoupment when the opportunity was afforded, and as to which there would then have been no question as to the application of the statute; yet in both cases the statute was held to apply and to save the claim or demand from the bar. It is true that these cases were in equity, and that there were other facts set up, which were necessary to give equity jurisdiction, but these facts of course did not enable the statute to apply so as to save the plaintiff's claim from the bar, but only to give him a standing in a court of equity rather than a court of law. It is expressly stat-

ed that as to this statute the court of equity would apply the same rules as would be applied by a court of law. If the claims sued on in those cases were not barred by the statute of limitations, and the facts stated in this replication are true—and on demurrer they must be so treated—then the claim here sued on was not barred but saved alone by this statute.

As to whether or not this plaintiff is now estopped from setting up the claim of fraud and deceit here sued on, or whether or not his having resold the stock purchased by him, and having paid the note or judgment thereon, without protest or complaint, are not now before this court for consideration, and as to these questions we intimate no opinion.

It results that the trial court erred, and the case must be reversed. As another trial will be had, it is proper to state that, under the complaint in this case, it is not clear to us why a plea of the statute of limitations is necessary when it is alleged by plaintiff as affirmative matter that the statute of limitations did not begin to run until within six months of the bringing of the suit.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.