(101 South. 424)

SCOTT et al. v. BOYD et al. (6 Div. 133.)

(Supreme Court of Alabama. June 26, 1924. Rehearing Denied Oct. 9, 1924.)

Judgment ☜459—Dissolution of injunction against collection of probate judgment from sureties on guardian's bond not error.

Dissolution of temporary injunction against collection of probate judgment against sureties on guardian's bond, on guardian and ward giving refunding bond, under Code 1907, § 4525, held harmless and not error, though guardian, who had moved beyond court's jurisdiction, had not been brought into court, complainants being bound to take necessary steps to bring her into court.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Bill in equity by Pinkney Scott and W. L. Coston against Catherine Boyd and George H. Boyd to enjoin the execution of a decree of the probate court. From a decree dissolving temporary injunction, complainants appeal. Affirmed.

Pinkney Scott, of Bessemer, for appellants.

The injunction was proper and should not have been dissolved. Rule 96, Code 1907, p. 1538; Gillespie v. Gibbs, 147 Ala. 454, 41 South. 868.

Estes & Smithson, of Bessemer, for appellees.

Counsel argue that the decree of dissolution was properly rendered.

SAYRE, J. Complainants, appellants, filed the bill in this cause seeking to enjoin the collection of a judgment rendered against them by the court of probate on the settlement of Catherine Boyd's guardianship of the estate of George H. Boyd, a minor. Complainants were sureties on the guardianship bond, and their averment is, in substance, that, though the estate of the minor had been expended in his necessary and proper support and maintenance, the minor and his guardian, after the former had been relieved of the disabilities of nonage, colluded to bring about a fraudulent judgment in favor of the ward against the guardian's sureties; the guardian having removed without the jurisdiction of the court. Upon the presentation of complainants' sworn bill to a judge of the circuit, a temporary injunction in accordance with the prayer of the bill was ordered, and then, after considerable delay, which followed the filing of the sworn answer of the defendant George H. Boyd explicitly denying the equities of the bill. the cause was brought to the attention of the court, whereupon a decree was entered, ordering the dissolution of the injunction upon defendants giving a refunding bond, as provided by section 4525 of the Code of 1907. The bond so ordered having been given, the injunction stood dissolved, and complainants have appealed.

There was no error in what the court did; the complainants suffered no injury; the decree must be affirmed. Dunham Lumber Co. v. Holt, 124 Ala. 336, 26 South. 663; Rice v. Tobias, 83 Ala. 348, 3 South. 670; Barnard v. Davis, 54 Ala. 565; Rogers v. Bradford, 29 Ala. 474.

We do not see that the conclusion thus stated should be in any wise affected by the fact that defendant Catherine Boyd had not yet been brought into court. The judgment of the court of probate was in favor of the former minor, and it was the business of the complainants to take necessary steps to bring the former guardian into court, and, in any event, complainants suffered no harm, as the cases cited, supra, abundantly show. Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.