(121 So. 420)

STEWART v. BURGIN et al. (6 Div. 193.)

Supreme Court of Alabama. March 28, 1929.

132

See, also, 216 Ala. 663, 114 So. 182.

Lange, Simpson & Brantley and Memory L. Robinson, all of Birmingham, for appellant.

Harsh & Harsh, of Birmingham, for appellees.

THOMAS, J. The appeal is from a decree overruling demurrer to the bill seeking injunctive relief against collection of judgment. ██ The rule of an estoppel by judgment is that it must be mutual and equally binding on all persons having an adverse interest in the matter made the subject of the suit and rendered on the merits of the controversy, or that ought to have been litigated between the parties as to such subject-matter within the issues of the pleadings. Crowson v. Cody, 215 Ala. 150, 153, 110 So. 46. It is also well established that splitting of causes of action and grounds of recovery is not permitted. Hall & Farley v. Ala. T. & I. Co., 173 Ala. 398, 56 So. 235; Terrell v. Nelson, 199 Ala. 436, 74 So. 929; Freeman on Judge. (4th Ed.) § 238, p. 241.

██ What was the effect, scope, and litigable issues embraced in the action in detinue by Burgin et al. against the respondent here, Mrs. Stewart, that resulted in a judgment for defendant for $1,125 damages for the detention of motortrucks, the subject of the suit? This judgment being affirmed on appeal (Burgin v. Stewart, 216 Ala. 663, 114 So. 182), plaintiffs requested her where she wished the trucks delivered and so delivered the same to her through her attorneys of record, and execution on the judgment for the damages was threatened. The present bill for injunction was filed, averring in substance the nature, result, and status of the former suit, the threatened levy of an execution for the amount awarded as damages for detention of the trucks, the delivery of the same, the fact that Mrs. Stewart is insolvent according to the complainants' information and belief, and concludes with the averments "that the said indebtedness secured in and by said notes and said two contracts between said Burgin Coal Company and said Jennie S. Stewart, which have been made a part of this bill, is all past due and unpaid, except the payments mentioned hereinabove, and that it is wholly inequitable and unjust that said Mrs. Jennie S. Stewart should be allowed to collect upon said execution, when she is indebted to said J. G. Burgin and J. W. Burgin, former partners under the name of Burgin Coal Company, as aforesaid, in an

amount greatly in excess of any amount due her under and by virtue of said judgment, and under and by virtue of said contracts between her and said Burgin Coal Company." When the contracts exhibited as a part of the bill are looked to in aid thereof, as must be done (Grimsley v. First Ave. Coal & Lbr. Co., 217 Ala. 159, 115 So. 90), it contained an acceleration clause as to default in any payment.

██ The effect of the facts averred, that Mrs. Stewart, who is alleged to be insolvent, had a judgment for damages in the amount stated and interest, is threatening the levy of execution thereunder, notwithstanding the fact that at such time complainant had a valid claim against her for $6,000. If this sum be not applied to Mrs. Stewart's judgment, it would be manifestly inequitable and unjust. A court of equity (unless concluded by the former pleading and judgment), under the stated facts, will interpose to prevent such injurious result. That is to say, a court of equity will maintain such bill to enjoin judgment and to set off against same a valid, lawful, due, and unpaid debt, which complainant has against respondent, that may be apportioned thereto in payment or reduction of the judgment. Dunham Lbr. Co. v. Holt, 123 Ala. 336, 343, 26 So. 663; Id., 124 Ala. 181, 184, 27 So. 556. The last cited case is rested on Watts v. Sayre, 76 Ala. 397, 400; Martin v. Mohr, 56 Ala. 221; White v. Wiggins, 32 Ala. 424; Wray's Admr. v. Furniss, 27 Ala. 471, 478; T. C. & D. R. Co. v. Rhodes, 8 Ala. 221. The court said:

"The underlying principle upon which this doctrine is founded is that when there is cross-demand, the debtor-creditor has only a claim for any balance remaining after crediting the one with the other as the debt due him. Washington v. Timberlake, 74 Ala. 264. If there is no remaining balance due by complainant to Holt, but its claim exceeds the amount of his judgment and he is insolvent, it would be opposed to natural equity to require it to pay him his judgment, and to remand complainant to a court of law for the enforcement of its demand, which would inevitably result in its getting nothing upon its judgment, should it recover one." This has been adhered to and cited with approval in later cases by this court. Wilson v. Montgomery Bank & Trust Co., 203 Ala. 340, 83 So. 64; Scott v. Boyd, 211 Ala. 623, 101 So. 424. See, also, 24 R. C. L. p. 806, § 14.

This rule is applied in federal jurisdictions (North Chicago Rolling-Mill Co. v. St. Louis Ore & Steel Co., 152 U. S. 596, 615, 14 S. Ct. 710, 715, 38 L. Ed. 565, 571, 572), saying:

"Cross-demands and counterclaims, whether arising out of the same or wholly disconnected transactions, and whether liquidated or unliquidated, may be enforced by way of set-off whenever the circumstances are such as to warrant the interference of equity to prevent wrong and injustice.

"Again, it is well established that equity will entertain jurisdiction and afford relief against the collection of a judgment where in justice and good conscience it ought not to be enforced, as where there is a meritorious, equitable defense thereto, which could not have been set up at law, or which the party was, without fault or negligence, prevented from interposing. Illustrations of these general principles are found in the cases of Leeds v. Marine Ins. Co., 19 U. S. (6 Wheat.) 565 [5 L. Ed. 332]; Scammon v. Kimball, 92 U. S. 362 [23 L. Ed. 483]; Crim v. Handley, 94 U. S. 652 [24 L. Ed. 216]; Embry v. Palmer, 107 U. S. 3 [2 S. Ct. 25, 27 L. Ed. 346]; Knox County v. Harshman, 133 U. S. 154 [10 S. Ct. 257, 33 L. Ed. 586]; Marshall v. Holmes, 141 U. S. 589 [12 S. Ct. 62, 35 L. Ed. 870].

"The adjustment of demands by counterclaim or set-off rather than by independent suit is favored and encouraged by the law, to avoid circuity of action and injustice. Florida R. Co. v. Smith, 88 U. S. (21 Wall.) 255 [22 L. Ed. 513].

"By the decided weight of authority it is settled that the insolvency of the party against whom the set-off is claimed is a sufficient ground for equitable interference. Leeds v. Marine Ins. Co., 19 U. S. (6 Wheat.) 565 [5 L. Ed. 332]; Lindsay v. Jackson, 2 Paige [N. Y.] 581; Gay v. Gay, 10 Paige [N. Y.] 369; Pond v. Smith, 4 Conn. 302; Robbins v. Holley, 1 T. B. Mon. [Ky.] 194; Hinrichsen v. Reinback, 27 Ill. 295; Raleigh v. Raleigh, 35 Ill. 512; Hall v. Kimball, 77 Ill. 161; Chicago, D. & V. R. Co. v. Field, 86 Ill. 270; Doane v. Walker, 101 Ill. 628; Davis v. Milburn, 3 Iowa, 163; Tuscumbia R. Co. v. Rhodes, 8 Ala. 206; Wray v. Furniss, 27 Ala. 471; Keightley v. Walls, 27 Ind. 384; Wulschner v. Sells, 87 Ind. 71; Laybourn v. Seymour [53 Minn. 105, 54 N. W. 941, 39 Am. St. Rep. 579] April 27, 1893; Rothschild v. Mack, 115 N. Y. 1 [21 N. E. 726]; Richards v. La Tourette, 119 N. Y. 54 [23 N. E. 531]; Schuler v. Israel, 120 U. S. 506 [7 S. Ct. 648, 30 L. Ed. 707]."

The case of Middleton v. Foshee, 192 Ala. 265, 68 So. 890, does not militate against the ruling of the trial court. There the further rule is stated in a suit arising out of a contract between "share croppers": "As for aught appearing he might have availed himself of his set-off, and such being the case, it seems to be settled by authority and the consistent practice of this court that the insolvency of the plaintiff in judgment, defendant here, without more, does not furnish sufficient ground for equitable interference. This rule, and the reason for it in cases of this character, are stated at length in Foster v. State Bank, 17 Ala. 672, and Pearce v. Winter Iron Works, 32 Ala. 68. So far as we have been able to learn, the rule there laid down has been since followed in this

134

court. Nelms v. Prewitt, 37 Ala. 389; Watts v. Sayre, 76 Ala. 397; Owen v. Gerson, 119 Ala. 217, 24 So. 413; Evans v. Mackey, 189 Ala. 283, 66 So. 3. Complainant (appellant) relies upon a line of cases beginning with T. C. & D. R. R. Co. v. Rhodes, 8 Ala. 206, and running down to Dunham Lumber Co. v. Holt, reported in 123 Ala. 336, 26 So. 663, and 124 Ala. 181, 27 So. 556. None of these cases impair in the least the doctrine that equity will not interfere to establish a legal set-off against a judgment, where the judgment debtor had the opportunity but failed to interpose his claim of set-off in the action at law."

■■ In St. Louis & Tenn. River Packet Co. v. McPeters, 124 Ala. 451, 27 So. 518, the action on an account, the subject of set-off under the statute, was given careful consideration, declaring the debts must be mutual, and the demands must be subsisting causes of action, "the one against the other, at the time the suit is brought; * * * a counterdemand growing out of an independent transaction, liquidated or unliquidated, subsisting *between the parties at the commencement of the suit* and not sounding in damages merely." Tested by the foregoing, and the declaration of this court that the plea of set-off admitted the validity of the contract sued on, and admitted defendant's liability to answer for the damages proximately resulting from its breach as charged (May Hosiery Mills v. Munford Cotton Mills, 205 Ala. 27, 87 So. 674), the unestablished and unascertained damages for detention claimed by the defendant in detinue could not have been admitted, and that indebtedness not yet due set off in said former suit. That is, to say, in detinue or the corresponding statutory action, no question of set-off or recoupment could have been considered under the recognized pleading and issue under the common law where the pleas are of non detinet and general issue. 18 C. J. 1012, where the cases from this court are cited; Whitworth v. Thomas, 83 Ala. 308, 3 So. 781, 3 Am. St. Rep. 725.

In Brock v. Forbes, 126 Ala. 319, 28 So. 590, it was declared: "Since the plaintiff took issue upon the plea and replied specially and the defendant prosecutes this appeal, we are not called on to pass upon its sufficiency. However, it was held in Whitworth v. Thomas, 83 Ala. 308 [3 So. 781, 3 Am. St. Rep. 725], that in detinue or the corresponding statutory action there can be no set-off nor recoupment of damages. See also 22 Am. & Eng. Ency. Law, 240."

We will later advert to extension by statute of issue by way of defense.

To further demonstrate that the set-off of the contract debt (not then matured) against any damages that may be recovered at detinue for detention was not within the issues presented, or that should have been presented and litigated: Neither the common law nor our statute (chapter 282, p. 639, Code of 1923) makes provisions whereby a plaintiff—vendor in conditional sale—might get a judgment over against defendant for unpaid balance, even if due. In such action defendant cannot have judgment over against a plaintiff, other than damages for detention. In McDaniel v. Sullivan & Bramlett, 144 Ala. 583, 585, 39 So. 355, Chief Justice Anderson made the following observation: "The court erred in including the second instrument in ascertaining the amount due. It was a separate and distinct instrument, not then due and was in no way connected with the suit. The statute clearly contemplates an ascertainment of the amount due upon the mortgage or conditional sale upon which the action is based, not a debt, not due, upon a separate and distinct instrument."

Thus sections 7400, 7402, of the Code, extend the right of *defense solely*, and do not give any additional right to a plaintiff (Dean v. Brown, 201 Ala. 465, 78 So. 966; Davis v. Reid Lbr. Co., 204 Ala. 517, 86 So. 379; Hodges v. Westmoreland, 209 Ala. 498, 96 So. 573; see annotations to Ann. Code 1928, §§ 7400, 7402), and, as stated, a defendant is not given the right to recover a judgment over for an excess, etc. (Davis v. Reid Lbr. Co., 204 Ala. 517, 86 So. 379).

The action of the trial court in overruling demurrer to the bill was free from error.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.